IN THE MATTER OF: THADDEUS WALLACE, DOB 3-22-69, 1237 MAPLE
STREET, WASHINGTON, N.C. 27889

No. 812DC1183

(Filed 1 June 1982)

**Infants § 18— insufficient evidence to support judgment of delinquency**

  Evidence that a child of twelve entered an unlocked door into a lighted
store during daylight hours, that he did so in front of at least one known
witness, and that he took nothing was insufficient to support a charge that the
juvenile had broken and entered the store with intent to commit larceny.

APPEAL from adjudication of delinquency by *Hardison, Judge.*
Judgment entered 12 August 1981 in District Court, BEAUFORT
County. Heard in the Court of Appeals 8 April 1982.

Appellant was brought before Judge Hardison upon a peti-
tion filed by Leon Schaffer of the Washington, N.C., Police
Department. The petition alleged that appellant, a juvenile, had
broken and entered a Revco Drug Store with intent to commit
larceny and was therefore a delinquent child as defined by G.S.
7A-517(12).

State's evidence tended to show that at approximately 2:30
a.m. on 10 August 1981, it was discovered that a glass door of a
Revco Drug Store located on Main Street in Washington, N.C.,
had been broken sometime during the night. Store employees
cleaned up the glass and Washington police set up surveillance
for the remainder of the night. Lights were left on inside the
store and the broken door, from which one pane of glass was
missing entirely, was left unlocked.

At approximately 7:00 a.m., Thad Wallace, a twelve-year-old
child, was seen walking west on Main Street. He stopped in front
of the drug store, looked in, and walked on. A few minutes later,
Wallace returned, walking east on Main Street. The boy stopped
to ask James Baker, who was sitting on a bench near the drug
store, if he had seen his tennis shoes. Baker said he had not.
Wallace then approached Revco, opened the unlocked door, and
went inside. Shortly afterward, Wallace came back out, ducking
through the broken door. He was stopped by Officer Sheppard
and asked if he had anything in his pockets the officer should see.
The boy emptied his pockets to show that he had taken nothing
from the store.

On cross-examination, Sheppard said the boy had explained that he had gone into the store to look for his tennis shoes. The shoes were later discovered nearby. There had been no sign on the door of the drug store to indicate that the store was closed or that the door was broken.

Judgment was entered finding Thad Wallace delinquent and an order was entered committing him to the Beaufort County Detention Facility for a term not to extend beyond his 18th birthday. The juvenile appeals.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Carter, Archie & Hassell, by Sid Hassell, Jr., for juvenile appellant.*

ARNOLD, Judge.

Appellant first assigns error to the trial court's denial of his motion to dismiss. We agree that State's evidence failed to establish the elements of the crime charged and hold that dismissal of the action was improperly denied. The State has established only that a child of twelve entered an unlocked door into a lighted store during daylight hours, that he did so in front of at least one known witness, and that he took nothing.

This Court recognizes that the trial court apparently had before it indications of prior delinquent behavior by the appellant, including evidence that he had violated probation. We do not doubt the court's good faith in concluding that commitment of the juvenile to a detention facility was justified by all of the circumstances. Nevertheless, the court's conclusion that the juvenile was guilty of the crime set forth in the petition in this record is unsupported by the evidence and the judgment entered in reliance thereon must accordingly be reversed.

Having found the appellant's first assignment of error dispositive of the appeal, we do not reach his remaining assignments of error.

Reversed.

Judges VAUGHN and MARTIN (Robert M.) concur.