STATE v. CRONAN

[100 N.C. App. 641 (1990)]

STATE OF NORTH CAROLINA, PLAINTIFF v. SHANNON CRONAN, DEFENDANT

No. 9029SC27

(Filed 20 November 1990)

1. **Constitutional Law § 34 (NCI3d) — rape and contributing to the delinquency of a minor — no double jeopardy**

   Defendant's prosecution for second degree rape following a guilty plea to contributing to the delinquency of a minor did not constitute double jeopardy because defendant was offered the opportunity to prove that the sexual act and not alcohol-related instances was the basis of the earlier plea but failed to do so. The crimes of second-degree rape and contributing to the delinquency of a minor are legally distinct and defendant's assertion that the factual basis for the acceptance of the guilty plea was solely based upon the sexual act is too speculative.

   **Am Jur 2d, Rape § 32.**

2. **Rape and Allied Offenses § 4.3 (NCI3d) — rape — character of victim — drunkenness — not admissible**

   The trial court did not err in a prosecution for second-degree rape by refusing to admit evidence of prior acts and habits of the victim. The proffered testimony as to the victim's alcohol consumption with other people in party settings has no tendency to prove that the victim consented to sexual activity with defendant on the day in question. N.C.G.S. § 8C-1, Rule 402.

   **Am Jur 2d, Rape §§ 82, 86.**

3. **Rape and Allied Offenses § 6.1 (NCI3d) — contributing to the delinquency of a minor — not lesser-included offense of rape**

   The trial court did not err in a prosecution for second-degree rape by refusing to instruct the jury on the lesser-included offense of contributing to the delinquency of a minor because the two offenses are legally distinct and contributing to the delinquency of a minor is not a lesser-included offense of second-degree rape pursuant to N.C.G.S. § 14-27.3.

   **Am Jur 2d, Rape § 110.**

STATE v. CRONAN

[100 N.C. App. 641 (1990)]

APPEAL by defendant from judgment entered 27 September 1989 by *Judge Marvin K. Gray* in HENDERSON County Superior Court. Heard in the Court of Appeals 25 September 1990.

Defendant was charged and convicted of second-degree rape in violation of G.S. § 14-27.3. Following a trial by jury, defendant was sentenced to ten years imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Rebecca B. Barbee, for the State.*

*Prince, Youngblood, Massagee & Jackson, by Sharon B. Ellis, for defendant-appellant.*

JOHNSON, Judge.

On the afternoon of 17 February 1989, the victim, a minor, was attending East Henderson High School. She planned, with her parents' permission, to spend the night with her friend. When the weather turned bad and school ended early, the two girls were picked up by the defendant. Defendant and the victim's friend were residing together at the time and it was at their trailer that the victim planned to spend the night.

After leaving school, the defendant and the two girls made several stops and eventually arrived at the trailer. One of the stops was at the local ABC store. Upon their arrival at the trailer, the three made pizza and an alcoholic fruit punch called "PJ." The three subsequently drank a quantity of "PJ."

The victim testified to the following events on the night of 17 February 1989: (1) that she went to bed around 7:00 p.m. at the trailer; (2) that she awoke and the defendant was on top of her; (3) that the defendant held her down by the arm and shoulder and had sexual intercourse with her; (4) that she kept telling him "no" while fighting him off whereupon he finally stopped; (5) that the defendant and her friend began to argue and fight and that each of them cut their hand with a knife; and (6) that she was afraid to call anyone because she thought that the defendant would shoot her.

At trial, the defendant testified that intercourse did not occur, but that as a result of the victim's drunken state and following her "crazy behavior," he and the victim engaged in some "heavy petting."

On appeal, defendant brings forth three questions for this Court's review. First, defendant contends that his prosecution and sentencing for second-degree rape amounts to double jeopardy. Specifically, he argues that his arrest on a warrant charging him with second-degree rape of the minor victim and his subsequent guilty plea to contributing to the delinquency of the minor victim were founded upon the same facts and therefore violates his constitutional right to be free from double jeopardy. We disagree.

[1] The fundamental and sacred principle of constitutional law provides that:

> a person may not be unfairly subjected to multiple trials for the same offense. Nor may a defendant be punished twice for the same statutory offense. *State v. Pinch,* 306 N.C. 1, 292 S.E.2d 203, *cert. denied,* 459 U.S. 1056, 103 S.Ct. 474, 74 L.Ed.2d 622 (1982), *reh'g denied,* [459] U.S. [1056], 103 S.Ct. 839, 74 L.Ed.2d 1031 (1983). A person's right to be free from double jeopardy is violated not only when he is tried and convicted twice for the same offense but also when one is charged and convicted for two offenses, one of which is a lesser included offense of the other. *See State v. Walden,* 306 N.C. 466, 293 S.E.2d 780 (1982).

*State v. Murray,* 310 N.C. 541, 547, 313 S.E.2d 523, 528 (1984), *overruled* by *State v. White,* 322 N.C. 506, 369 S.E.2d 813 (1988) (Insofar as *State v. Murray* indicated that larceny is not a lesser included offense of armed robbery.). The burden is on the defendant to plead and to offer evidence to sustain his plea of former jeopardy. *State v. Christy,* 26 N.C. App. 57, 215 S.E.2d 154 (1975).

Defendant voluntarily pled guilty to contributing to the delinquency of a minor based upon the facts alleged in the warrant. Specifically, the warrant provided that the defendant

> knowingly while at least 16 years of age, cause[d], encourage[d] and aid[ed] . . . a juvenile, to drink alcohol, took money from the juvenile to buy alcohol, and . . . committed a sexual act upon the body of [the juvenile] whereby that juvenile could be adjudicated undisciplined. . . .

At trial, the defendant was furnished with an opportunity to plead and offer evidence to sustain his plea of former jeopardy by proving that the sexual act, not the alcohol-related instances were the basis of his earlier plea. This, however, defendant failed

to do. Thus, defendant's assertion that the factual basis for the acceptance of his guilty plea was solely based upon the sexual act is too speculative and wholly insufficient to establish his burden of proof. Further, even though the crimes of second-degree rape and contributing to the delinquency of a minor are *related in character* and grow out of the same transaction, they are legally distinct and separate crimes. The prosecution for one is not a bar to a prosecution for the other. *Compare, State v. Etheridge*, 319 N.C. 34, 352 S.E.2d 673 (1987) (defendant's convictions of indecent liberties with a child and incest—all arising from same transaction— no double jeopardy). *See* the third issue for a detailed discussion of the essential elements of each crime. This assignment is overruled.

[2]    Second, defendant contends that the trial court erred in refusing to admit evidence of prior acts and habits of the victim. Specifically, defendant argues that the victim's character for drunkenness was pertinent to his defense. We disagree.

G.S. § 8C-1, Rule 404(a)(2) authorizes the admission of defense evidence whenever a character trait of the victim is pertinent in a criminal case. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." G.S. § 8C-1, Rule 401. Evidence that is not relevant is inadmissible. G.S. § 8C-1, Rule 402. "If proffered evidence has no tendency to prove a fact in issue in the case, the evidence is irrelevant and must be excluded." *State v. Coen*, 78 N.C. App. 778, 780-81, 338 S.E.2d 784, 786, *disc. rev. denied, dismissal allowed*, 317 N.C. 709, 347 S.E.2d 444 (1986), *citing State v. Perry*, 298 N.C. 502, 259 S.E.2d 496 (1979). The proffered testimony as to the victim's alcohol consumption with other people in party settings has no tendency to prove that the victim consented to sexual activity with the defendant on the day in question. This assignment is overruled.

[3]    Third, defendant contends that the trial court erred by refusing to instruct the jury with regard to the lesser included offense of contributing to the delinquency of a minor. We disagree.

The well-settled rule in this jurisdiction provides that:

> When a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense when the greater offense charged in the bill of indict-

ment contains all of the essential elements of the lesser, all of which could be proved by proof of the allegations in the indictment. Further, when there is some evidence supporting a lesser included offense, a defendant is entitled to a charge thereon even when there is no specific prayer for such instruction, and error in failing to do so will not be cured by a verdict finding a defendant guilty of a higher degree of the same crime.

*State v. Weaver*, 306 N.C. 629, 633, 295 S.E.2d 375, 377 (1982), *quoting State v. Banks*, 295 N.C. 399, 415-16, 245 S.E.2d 743, 754 (1978) (*quoting State v. Bell*, 284 N.C. 416, 419, 200 S.E.2d 601, 603 (1973)).

Defendant was indicted, tried and convicted of second-degree rape in violation of G.S. § 14-27.3. The applicable sections of this statute provide that:

(a) A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:

(1) By force and against the will of the other person; or

(2) Who is mentally defective, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally defective, mentally incapacitated, or physically helpless.

G.S. § 14-27.3. "Any person who is at least 16 years old who knowingly or willfully causes, encourages or aids any juvenile . . . to commit an act whereby the juvenile could be adjudicated delinquent" is guilty of the crime of contributing to the delinquency of a minor as prescribed by G.S. § 14-316.1.

It is clear from the statutory definition of these two crimes that all of the essential elements of the offense of second-degree rape are not essential to the offense of contributing to the delinquency of a minor. Evidence of a defendant's aid and encouragement of a juvenile to drink alcohol or a defendant's aid and encouragement of a juvenile to commit the crime of breaking and entering is sufficient for a conviction of contributing to the delinquency of a minor. *See In re Wallace*, 57 N.C. App. 593, 291 S.E.2d 796 (1982), and *State v. Sparrow*, 276 N.C. 499, 173 S.E.2d 897 (1970). It is, however, insufficient to support a conviction for second-degree rape. Such offenses are legally distinct and separate. Recogniz-

ing that the act of sexual intercourse is not inherent to the crime of contributing to the delinquency of a minor under G.S. § 14-316.7, we hold, therefore, that this offense is not a lesser included offense of second-degree rape pursuant to G.S. § 14-27.3. This assignment is overruled.

In light of our holdings above, we find that the defendant had a fair trial, free from prejudicial error.

No error.

Judges EAGLES and PARKER concur.