**BUSINESS INTERIORS, INC.,**
**Plaintiff-Appellant,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.**

No. 83–1028.

United States Court of Appeals,
Tenth Circuit.

Dec. 28, 1984.

Steven M. Harris, Gasaway, Green & Harris, Tulsa, Okl., submitted on the briefs, for Business Interiors, Inc., plaintiff-appellant.

Richard D. Wagner, Knight, Wagner, Stuart, Wilkerson & Lieber, Tulsa, Okl., submitted on the briefs for The Aetna Cas. and Sur. Co., defendant-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Plaintiff-appellant Business Interiors, Inc. appeals from an order of the United States District Court for the Northern District of Oklahoma which denied its motion for summary judgment and sustained defendant-appellee Aetna Casualty and Surety Company's motion for summary judgment.

Inasmuch as this is a order of an summary judgment, this court must examine the record to determine whether a genuine issue of material fact remains. If no such issue remains, then we must determine whether the substantive law was correctly applied. *Western Casualty & Surety Co. v. National Union Fire Insurance Co.*, 677 F.2d 789, 791 n. 1 (10th Cir.1982); Fed. R.Civ.P. 56. Following a reading of the briefs and consideration of the facts herein, we are of the opinion that there are no issues of facts. Nevertheless, we hold that the district court did not apply the proper substantive law as to one of the two issues presented on appeal.

The following are the facts. Business Interiors brought this diversity suit against its insurance carrier Aetna for denial of a claim for coverage under an employee dishonesty clause in its insurance contract. Business Interiors' loss resulted from embezzlement by an employee, who, from November 7, 1979 to June 2, 1980, took $53,036.86 from the company. To accomplish the embezzlement, the employee wrote forty checks, thirty-one of which were forgeries and nine of which were material alterations of the original instruments.

Aetna responded to Business Interiors' claim by asserting that the insurance policy limited Business Interiors' recovery to $10,000. Business Interiors disputed this maximum recovery on two grounds. First, it argued that it had suffered forty separate and independent losses because the employee's embezzlement was accomplished through forty separate checks. Since the insurance policy provided no aggregate limitation on such losses and since each separate loss would be under $10,000, Business Interiors claimed coverage for the full $53,036.86. Second, Business Interiors contended that the Aetna agent who had sold the policy, a Mr. Bruce Barton, had represented the employee dishonesty coverage to be $30,000 with no limitation. Business Interiors asked the court to reform the insurance contract consistent with the agent's representations.

The portions of the insurance contract here involved are listed below:[1]

**1. PROPERTY COVERED**
When the Declarations indicate coverage is afforded on Business Personal Property, such insurance shall apply to property used in the conduct of the insured's business within the circumstances described * * * :
1.a. The Business Personal Property of the insured, excluding money or other negotiable instruments, while in or on the premises described in the Declarations, or within 100 feet of such premises.
b. Money or other negotiable instruments for an amount not exceeding $10,000.00, while in or on the premises described in the Declarations, or while within a bank or savings institution; and up to $2,000.00 of money or other negotiable instruments while enroute to or from such designated premises, bank, or savings institution or within the living quarters of the custodian of such funds.

  *  *  *  *  *  *

M. EMPLOYEE DISHONESTY CLAUSE: With respect to such insurance as is afforded under this policy for loss due to the dishonest or fraudulent acts of the insured's employees, the following special conditions apply:

1. Insurance afforded hereunder shall be deemed cancelled as to any employee immediately upon discovery by the insured, or by any partner or officer thereof not in collusion with such employee, of any fraudulent or dishonest act of such employee;
2. The requirement of Provision G—Report to Police, with respect to the insured's duty to give notice to the proper police authority in the event a loss or occurrence is a violation of a law, is hereby waived;
3. As respects any one employee, dishonest or fraudulent acts of such employee during the policy period shall be deemed to be one occurrence for the purpose of applying the deductible;
4. Loss is covered only if discovered not later than two years from the end of the policy period, and shall apply only to loss sustained during the policy period;
5. Regardless of the number of years this policy shall continue in force and the number of premiums which shall be payable or paid, the Company's total limit of liability shown on the Declarations Page shall not be cumulative from year to year or period to period.

Referring to the provisions set forth in the footnote, the district court found for Aetna. It held that Business Interiors had suffered only one loss and that recovery for the loss was limited to $10,000.

The two issues which are here involved are as follows:

1. *DID BUSINESS INTERIORS SUFFER ONE LOSS OR FORTY LOSSES?*

2. *SHOULD BUSINESS INTERIORS' EMPLOYEE DISHONESTY COVERAGE BE REFORMED TO $30,000 IN CONFORMITY WITH THE REPRESENTATIONS OF AETNA'S AGENT?*

We consider number 1. The arguments which are made that bear upon the first question are as follows: Business Interiors contends that each of the employee's forty acts of forgery or material alteration constitutes a separate loss and should be deemed a separate occurrence under the insurance policy.

■■■ Because there is no Oklahoma law on point, this court must predict how the Supreme Court of Oklahoma would rule. *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165, 1167 (3d Cir.1981). The rule which we choose to apply is the general one that "an occurrence is determined by the cause or causes of the resulting injury." *Appalachian Insurance Co. v. Liberty Mutual Insurance Co.*, 676 F.2d 56, 61 (3d Cir. 1982). *See also Union Carbide Corp. v. Travelers Indemnity Co.*, 399 F.Supp. 12, 21 (W.D.Pa.1975), citing Annot., 55 A.L. R.2d 1300 (1957); 8 J. Appleman, *Insurance Law and Practice* § 4891.25 (1981). In this case, the cause of Business Interiors' loss was the continued dishonesty of one employee. The district court recognized this and stated "the probable intent of the employee with regard to the last thirty-nine checks [was] essentially the intent to continue the dishonesty, not to commit an entirely new and different act of dishonesty." As such, the employee's fraudulent acts constituted a single loss for Business Interiors.

■■■ The second issue is whether the dishonesty coverage should be reformed to $30,000 in conformity with the representations of Aetna's agent. Business Interiors claims that Aetna's agent, Barton, represented that coverage for employee dishonesty was $30,000, not the $10,000 listed in the written policy. Barton himself believed that he was selling a policy for $30,000. Business Interiors maintains that under Oklahoma law it could assume, without reading its policy, that coverage conformed with Barton's previous representations. Business Interiors thus asks that the insurance policy be reformed to reflect Barton's assurances.

The district court, however, ruled that the written policy limitation of $10,000 was the controlling factor. The reason it gave was that Business Interiors had the duty to read the policy and notice the $10,000 limitation on employee dishonesty coverage. The court characterized the written provision for $10,000 as a counteroffer to and rejection of the $30,000 coverage. Thus, according to the district court, Business Interiors' failure to read the true term constituted an acceptance of the counteroffer.

The district court's understanding of Oklahoma law is entitled to some deference by this court. *Colonial Park Country Club v. Joan of Arc*, 746 F.2d 1425 (10th Cir.1984). In this case the district court misunderstood the applicable Oklahoma law regarding an insured's duty to read its policy and notice discrepancies from previous representations made by the insurer's agent. We must determine whether an insured has a duty to read its insurance policy according to the latest decision of the Oklahoma Supreme Court. *Delano v. Kitch*, 663 F.2d 990, 996 (10th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982).

■■■ The district court's reliance was on two Tenth Circuit decisions, *Travelers Insurance Co. v. Morrow*, 645 F.2d 41 (10th Cir.1981) and *Dalton v. LeBlanc*, 350 F.2d 95 (10th Cir.1965), holding that Business Interiors' failure to read its written policy and to notice deviations from oral represen-

tations limits recovery to the $10,000 in the written policy. Alas, the two cases cited are not authoritative in a case of this character which is governed by Oklahoma law, if there is such a law. It has long been the law in Oklahoma that an insured's failure to promptly examine a policy and discover departure from an insurance agent's assurances does not defeat reformation of the policy. *Commercial Casualty Insurance Co. v. Varner*, 160 Okl. 141, 16 P.2d 118 (1932), *followed by Warner v. Continental Casualty Co.*, 534 P.2d 695 (Okla.App. 1975). Under Oklahoma law, an insured has no duty to read his written policy and notice discrepancies between it and previous representations of a soliciting agent. *Warner, id.* at 699.

Thus Business Interiors had no duty to read its policy, but could rely on Barton's representations of $30,000 worth of coverage. There is a lack of merit to the district court's finding that the $10,000 limitation was a counteroffer. One cannot be bound by a counteroffer if one does not have an obligation to be aware of it.

The judgment of the district court is reversed and the case is remanded to the district court to order a judgment in favor of Business Interiors based upon the $30,-000 limitation.