STATE v. WILLIAMS

[101 N.C. App. 412 (1991)]

---

STATE OF NORTH CAROLINA v. MAGGIE WILLIAMS

No. 904SC94

(Filed 15 January 1991)

**Social Security and Public Welfare § 1 (NCI3d) — food stamp fraud — indictment dismissed — erroneous**

The trial court erred by dismissing an indictment for food stamp fraud which charged defendant with obtaining $4,731 of food stamps to which she was not entitled by willfully making false statements as to income on nine separate occasions. Defendant's successive acts of misrepresentation were in essence a continuing act to reach her desired result, so that the trial

court erred by refusing to combine the alleged overpayments to reach the felony threshold. N.C.G.S. § 108A-53.

**Am Jur 2d, Welfare Laws §§ 111-113.**

APPEAL by the State from an order entered 29 August 1989 by *Judge Napoleon B. Barefoot* in SAMPSON County Superior Court. Heard in the Court of Appeals 23 October 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mary Jill Ledford, for the State, appellant.*

*Robert S. Griffith, II, for defendant appellee.*

COZORT, Judge.

The State appeals, pursuant to N.C. Gen. Stat. § 15A-1445, the trial court's order dismissing the indictment charging defendant Maggie Williams with food stamp fraud.

The single issue presented in this appeal is whether the trial court erred in ruling each food stamp payment the defendant received was a separate occurrence and could not be combined to prove the felony amount of more than $400.00 in violation of N.C. Gen. Stat. § 108A-53. We hold that the trial court erred and that the case should not have been dismissed.

The indictment charged defendant with obtaining $4,731.00 of food stamps to which she was not entitled by willfully making the false statements that the only income in her household at the time was a social security check that she received for herself and that she received no support for her granddaughter. Defendant made the alleged false statements on nine separate occasions. The issue is whether the amounts that defendant received after making the false statements can be combined to reach the felony threshold of "more than four hundred dollars ($400.00)." N.C. Gen. Stat. § 108A-53 (1989).

In his order dismissing the indictment, the trial court found that the alleged overpayments of food stamps occurred on a monthly basis between March 1982 and November 1986. Further, the court found that the indictment "was returned more than two years after the last allegedly falsified report was filed, and more than two years after the last overpayment alleged." The trial court then concluded:

1. That each payment to the Defendant is a separate occurence, [sic] and multiple payments may not be combined to allege and prove the felony amount of more than $400.00 in violation of the statute.

2. That the allegations recited in the indictment in this cause allege a misdemeanor rather than a felony violation of NCGS 108A-53.

3. That more than two years have passed since the violation alleged, and the statute of limitations for a misdemeanor violation of NCGS 108A-53 has expired.

N.C. Gen. Stat. § 108A-53 in pertinent part reads:

Whoever knowingly obtains or attempts to obtain, or aids or abets any person to obtain by means of making a willfully false statement or representation or by impersonation or by failing to disclose material facts or in any manner not authorized by this Part or the regulations issued pursuant thereto, transfers with intent to defraud any food stamps or authorization cards to which he is not entitled in an amount more than four hundred dollars ($400.00) shall be guilty of a felony and shall be punished as in cases of larceny.

The State contends that the indictment charges a single continuing offense. The State argues that the defendant's actions constituted a continuous course of conduct involving one scheme to receive continuous monthly payments based upon her fraudulent misrepresentations. Finding no North Carolina authority on this issue, we look to the law of other jurisdictions for guidance.

Among the states which have addressed this issue are New York, New Jersey, Hawaii and Wisconsin. All four states have determined that where a person receives welfare benefits to which he is not entitled over a period of time based on a periodically repeated misrepresentation, the offense is a continuing one. See People v. Bellamy, 94 Misc.2d 1028, 406 N.Y.S.2d 250 (1978); State v. Tyson, 200 N.J. Super. 137, 490 A.2d 386 (1984); State v. Martin, 62 Haw. 364, 616 P.2d 193 (1980); John v. State, 96 Wis. 2d 183, 291 N.W.2d 502 (1980).

We adopt the reasoning of the New York court. In People v. Bellamy, 94 Misc.2d 1028, 406 N.Y.S.2d 250, the defendant was on public assistance from July 1971 to March 1976. During that

PATE v. EASTERN INSULATION SERVICE OF NEW BERN

[101 N.C. App. 415 (1991)]

time, the defendant filed semi-annual recertification forms setting forth her income and assets. *Bellamy*, 406 N.Y.S.2d at 251. "In each report the defendant concealed the fact that while in receipt of public assistance she had a contingent asset in the form of a pending personal injury lawsuit." *Id.* The indictment alleged a concealment in violation of a New York Social Services law.

The New York court stated, "[t]he very essence of concealment is continuity for the period required to accomplish the desired result." *Id.* at 252. The court held that "[t]he fact that there were successive acts in aid of the concealment does not interrupt the continuity of the conduct which was directed to the accomplishment of a single purpose." *Id.*

Likewise in the present case, we find that defendant's successive acts of misrepresentation were in essence a continuing act to reach her desired result: obtain food stamps in an amount for which she would not have been otherwise qualified. We find that the alleged false statements made by defendant between 20 January 1982 and 5 November 1985 to receive the alleged overpayments between March 1982 and November 1985 were one continuous crime. Therefore, the trial court erred by refusing to combine the alleged overpayments to reach the felony threshold. Thus, we hold that the trial court erred by dismissing the felony indictment.

Reversed and remanded.

Judges WELLS and LEWIS concur.