**DIAMOND TRANSPORTATION SYSTEM, INC., a Wisconsin Corporation, Plaintiff,**

v.

**The TRAVELERS INDEMNITY CO., Defendant.**

No. 92 C 3996.

United States District Court, N.D. Illinois, E.D.

March 5, 1993.

---

Marvin N. Benn, Dawn Marie Cassie, George W. Hamman, Richard J. Superfine, Hamman & Benn, Chicago, IL, for plaintiff.

Edward John Zulkey, Donald J. Hayden, Baker & McKenzie, Chicago, IL, for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

This case comes before the court on defendant's motion to dismiss. For the reasons given below, defendant's motion is granted.

### FACTS

On May 17, 1987, defendant Travelers Indemnity Company ("Travelers") issued a Commercial Crime Bond to plaintiff Diamond Transportation System, Inc., ("Diamond"). The bond, which insured Diamond against loss resulting from employee dishonesty, had a one-year term and a policy limit of $250,000. When the bond expired in May of 1988, the parties renewed their contract and a new one-year, $250,000 bond was issued. Each year thereafter, Travelers and Diamond renewed their agreement. Thus, from 1987 through 1992, the parties entered into successive one-year bonds, each having identical terms and coverage limits.

In April 1991, Diamond discovered one of its employees engaging in a fraudulent check-cashing scheme. Upon investigation, Diamond determined that the employee had stolen $750,000 in corporate funds over the preceding several years. Diamond submit-

ted a $750,000 claim to Travelers, alleging that $250,000 of the losses occurred under the 1989–90 bond, $250,000 occurred under the 1990–91 bond, and $250,000 occurred under the 1991–92 bond.

In response to the claim, Travelers paid Diamond a total of $250,000—the limit of its liability under the 1990–91 bond. Travelers denied coverage on the remaining portions of Diamond's claim.

Diamond has filed this suit against Travelers, alleging that the insurer's denial of coverage constitutes a breach of contract under both the 1989–90 policy and the 1991–92 policy. Travelers contends that the $250,000 it paid under the 1990–91 bond represents the limit of its liability, and accordingly moves that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

### DISCUSSION

In considering a motion to dismiss, a court must accept all facts alleged in the plaintiff's complaint as true and must draw all reasonable inferences from the pleadings in plaintiff's favor. *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir.1989). Dismissal is appropriate " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir.1991) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

There is no question that the bond coverage which the parties maintained over the years occurred through a series of individual one-year contracts, rather than a single, continuous bond. Each annual bond which Travelers issued to Diamond was prefaced by a declaration page containing the following language:

3. CANCELLATION OF PRIOR INSURANCE: By acceptance of this Coverage Part, you give us notice cancelling prior policy/bond numbers, the cancellation to be effective at the time this Coverage Part becomes effective.

Thus, by the express terms of the declaration page, Diamond's acceptance of a new one-year bond served as cancellation of the prior year's bond. Accordingly, only one bond remained in effect at any given time.

It is also apparent that, despite having occurred through a series of acts over a period of years, Diamond's entire $750,000 loss constitutes a single "occurrence." In the definitional section of the bond, "occurrence" is defined as "all loss caused by, or involving, one or more 'employees', whether the result of a single act or series of acts." Plaintiff's Complaint, Exhibit B at 7. The bond provisions go on to state that coverage is limited to a maximum of $250,000 per occurrence:

B.  LIMIT OF INSURANCE

The most we will pay for loss in any one "occurrence" is the applicable Limit of Insurance shown in the DECLARATIONS.

*Id.* at 8. The declaration page, in turn, clearly states that coverage for losses resulting from employee dishonesty is limited to $250,000. *Id.* at 6.

Despite the above provisions, plaintiff contends that it is entitled to recover in excess of the $250,000 coverage limit. Plaintiff points to the fact that its loss occurred over a period of years, and argues that it should be allowed to pro rate portions of that loss against the various bonds which were in effect during those years. In this manner, plaintiff seeks to circumvent the $250,000 policy limit and recover its entire $750,000 loss.

Plaintiff's contention is without merit. General Condition 9 of the bond states:

9.  Loss Covered Under This Insurance and Prior Insurance Issued by Us or Any Affiliate

If any loss is covered:

a.  Partly by this insurance; and

b.  Partly by any prior cancelled or terminated insurance that we or any affiliate had issued to you or any predecessor in interest;

*the most we will pay is the larger of the amount recoverable under this insurance or the prior insurance.*

Plaintiff's Complaint, Exhibit B at 13 (emphasis added).

Therefore, the court holds as a matter of law that the restrictive language of General Condition 9 precludes plaintiff from recovering anything beyond the $250,000 already paid by Travelers.

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss. It does not appear that any amendment could cure the defect in the claim, so the dismissal will be with prejudice.