CHRIST LUTHERAN CHURCH, BY AND THROUGH ITS TRUSTEES, DALE MATTHEWS, O.W. JARRETT, AND GARY CARPENTER, PLAINTIFF v. STATE FARM FIRE AND CASUALTY COMPANY, DEFENDANT

No. COA95-873

(Filed 4 June 1996)

**Insurance § 881 (NCI4th)— employee embezzlement—24 separate checks—one "occurrence"—limited liability**

    Where an insurance policy provided that defendant would pay up to $5,000 for any one occurrence of employee embezzlement, "occurrence" was defined as "a single act, or series of related acts," and plaintiff's employee embezzled $32,760 by issuing 24 separate checks to himself over a one-year period, the employee's writing of the twenty-four checks was a "series of related acts" and constituted one occurrence under the policy so that defendant was responsible only for coverage in the amount of $5,000.

    **Am Jur 2d, Insurance § 145.**

    **Insurance of bank against larceny and false pretenses. 15 ALR2d 1006.**

    Judge WYNN dissenting.

Appeal by plaintiff from judgment entered 30 May 1995 by Judge Ronald E. Bogle in Catawba County Superior Court. Heard in the Court of Appeals 18 April 1996.

*Bryce Thomas & Associates, by Bryce O. Thomas, Jr. & Peter R. Gruning, for plaintiff-appellant.*

*Patrick, Harper & Dixon, by Stephen M. Thomas and Kimberly A. Huffman, for defendant-appellee.*

JOHNSON, Judge.

The essential facts in this case are not in dispute. From approximately 31 January 1992 through 16 February 1993, plaintiff Christ Lutheran Church's treasurer embezzled church funds totalling $32,760.00 by issuing twenty-four (24) separate checks to himself on various occasions and in various amounts. Defendant State Farm Fire and Casualty Company was plaintiff's insurer at all times relevant herein. Plaintiff's insurance policy afforded coverage for embezzlement in the Employee Dishonesty subsection, specifically providing that defendant would pay up to $5,000.00 for any one occurrence of embezzlement arising thereunder.

Plaintiff contends that its policy covers the entire $32,760.00 lost by plaintiff Church due to its employee's embezzlement in 1992 and 1993. Defendant denies coverage in such amounts, stating that plaintiff's employee's acts constitute but one occurrence under plaintiff's policy and, therefore, defendant is only responsible for coverage in the amount of $5,000.00.

Plaintiff instituted this action against defendant on 29 April 1994. Defendant was granted an extension of time to answer plaintiff's complaint, and thereafter, served his answer on plaintiff on 2 June 1994. Subsequently, on 22 May 1995, the parties filed stipulated facts. On that same date, this action came on for hearing before Judge Ronald E. Bogle at the civil session of Catawba County Superior Court. After considering the parties' stipulations of fact, and their arguments and contentions, Judge Bogle entered judgment for defendant on 30 May 1995. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erroneously declared that its insurance policy affords coverage of only $5,000.00 for its employee's embezzlement of $32,760.00 by twenty-four (24) separate acts, because the policy language was ambiguous. As such, plaintiff contends that the policy should be construed to allow plaintiff recovery of up to $5,000.00 for each act by plaintiff's employee. We cannot agree.

Insurance policies are to be strictly construed against the insurer, with any ambiguity being resolved in favor of the insured. *Estate of Bell v. Blue Cross and Blue Shield*, 109 N.C. App. 661, 664, 428 S.E.2d 270, 272 (1993). "An ambiguity exists where, 'in the opinion of the court, the language of the policy is fairly and reasonably susceptible to either of the constructions for which the parties contend.' " *Id.* (quoting *Trust Co. v. Insurance Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970)). However, ambiguity is not established simply because a plaintiff makes a claim based on a construction of the insurance policy's language contrary to that of the company's interpretation. *Id.* at 665, 428 S.E.2d at 272 (citing *Trust Co.*, 276 N.C. at 354, 172 S.E.2d at 522).

When an insurance policy contains a definition of a term used in it, that meaning controls, unless the context of the policy mandates otherwise. *Trust Co.*, 276 N.C. at 354, 172 S.E.2d at 522. "In the absence of . . . definition, nontechnical words are to be given a meaning consistent with the sense in which they are used in ordinary speech, unless the context clearly requires otherwise." *Id.* Finally, if a nontechnical word has more than one meaning in ordinary usage and the context does not indicate clearly the one intended, then and only then, should the court use its own interpretation, giving the word a meaning favorable to the policyholder. *Id.*

In the instant case, plaintiff's insurance policy provides coverage for employee dishonesty in an amount up to $5,000.00 "for loss in any one occurrence." The policy goes on to define "occurrence": "All loss involving a single act, or series of related acts, caused by one or more persons is considered one occurrence." While plaintiff argues that the language of the policy is ambiguous in regards to what constitutes an occurrence within the meaning of the policy— specifically, contending that the term "related" in the definition of "occurrence" is ambiguous, we do not agree.

There is no case law addressing this particular issue, and thus, this is a case of first impression in North Carolina. However, we do find particularly instructive *Diamond Transp. System v. Travelers Indem.*, 817 F. Supp. 710 (N.D. Ill. 1993) and *Business Interiors, Inc. v. Aetna Cas. & Sur. Co.*, 751 F.2d 361 (10th Cir. 1984). Plaintiff's attempts to distinguish these cases from the instant case are unpersuasive.

In *Diamond*, the defendant indemnity company had issued five successive one-year commercial crime bonds to the plaintiff. Each

bond provided that coverage was limited to a maximum of $250,000.00 per occurrence. In the definition section of plaintiff's commercial crime bond, "occurrence" was defined as "all loss caused by, or involving, one or more 'employee', whether the result of a single act or series of acts." When the plaintiff discovered an employee's fraudulent check-cashing scheme in April 1991, it submitted a $750,000.00 claim to the defendant indemnity company. The defendant paid the plaintiff the limit of its liability under the 1990-1991 bond, $250,000.00. The United States District Court for the Northern District of Illinois held that the plaintiff's entire $750,000.00 loss which had occurred over a period of years (1989 through 1992), as a result of an employee's fraudulent check-cashing scheme, was a single occurrence. *Diamond*, 817 F. Supp. 710.

In *Business Interiors*, the United States Court of Appeals for the Tenth Circuit concluded that embezzlement by an employee, through forty (40) checks, over a period of approximately seven months, constituted a single "occurrence." The insurance policy provided, "As respects any one employee, dishonest or fraudulent acts of such employee during the policy period shall be deemed to be one occurrence for the purpose of applying the deductible." Plaintiff contended that it had suffered forty (40) separate and independent losses because the employee's embezzlement was accomplished through forty (40) separate checks. Defendant insurance company, however, asserted that the insurance policy limited recovery to $10,000.00 because the loss resulted from one occurrence. *Business Interiors*, 751 F.2d 361. In reaching its decision, the Tenth Circuit Court of Appeals employed the general rule that " 'an occurrence is determined by the cause or causes of the resulting injury.' " *Id.* at 363 (quoting *Appalachian Ins. Co. v. Liberty Mut. Ins. Co.*, 676 F.2d 56, 61 (3d Cir. 1982)). The court noted that the cause of the plaintiff's loss was the "continued dishonesty of one employee" with the " 'intent to continue the dishonesty, not to commit an entirely new and different act of dishonesty.' " *Id.*

Similarly, in the instant case, plaintiff's employee wrote twenty-four (24) checks, over the course of several weeks, totalling $32,760.00. These checks were all written in furtherance of one employee's dishonest acts. They do not constitute a new and individual act of dishonesty, as alleged by plaintiff, but are instead a continuum of wrongful actions. This was the cause of plaintiff's loss. Further, in accordance with the courts in *Diamond* and *Business Interiors*, we find nothing ambiguous in plaintiff's policy's definition

of "occurrence," and that definition controls. Accordingly, we find that plaintiff's employee's writing the twenty-four (24) checks were "a series of related acts" within the insurance policy's definition, and therefore, constitute one occurrence under that policy. Plaintiff's arguments to the contrary are unpersuasive.

In light of the foregoing, the trial court's decision is affirmed.

Affirmed.

Judge WALKER concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I would decline to follow the federal cases cited by the majority, *Diamond Trans. Sys., Inc. v. Traveler's Indemnity Co.*, 817 F. Supp. 710 (N.D. Ill. 1993) and *Business Interiors, Inc. v. Aetna Casualty & Surety Co.*, 751 F.2d 361 (10th Cir. 1984). Instead, I agree with the Minnesota Court of Appeals that "[t]he phrase 'series of related acts' is subject to more than one reasonable interpretation when determining whether an employee's dishonest acts are subject to a single occurrence coverage limit, and is, therefore, ambiguous. The ambiguous language must be construed in favor of the insured, and the doctrine of reasonable expectations must be applied." *American Commerce Ins. Brokers, Inc. v. Minnesota Mutual Fire & Casualty Co.*, 535 N.W.2d 365, 372 (Minn. App. 1995); *see also Ins. Co. v. Const. Co.*, 303 N.C. 387, 279 S.E.2d 769 (1981) (holding that North Carolina follows the reasonable expectations doctrine, whereby an insurance contract is interpreted according to the reasonable expectations of the purchaser of insurance).

Accordingly, I would remand for a jury determination of what constitutes reasonable expectations of the insured in this matter.