STATE OF NORTH CAROLINA v. BRIAN PATRICK MULLANEY

No. COA97-637

(Filed 19 May 1998)

1. **Embezzlement § 27 (NCI4th)— sentencing—one indictment—offenses beginning before 1 October 1994 and concluding afterwards—Structured Sentencing**

    A sentence for embezzlement under the Fair Sentencing Act was remanded for sentencing under the Structured Sentencing Act where defendant was a financial secretary for a church, wrote 141 checks to himself between 1993 and 1996, and the district attorney chose to proceed with a single indictment charging defendant with the embezzlement of $478,579.42 over a period of time extending from 8 January 1993 to 21 February 1996. The trial court was required to sentence defendant under the Structured Sentencing Act because the offense as charged in the indictment was not completed until after 1 October 1994; case law requires that sentencing be consistent with the indictment.

2. **Embezzlement § 27 (NCI4th)— sentencing—aggravating factor—violation of position of trust**

    The trial court erred when sentencing defendant under the Fair Sentencing Act for embezzlement by finding as an aggravating factor that defendant violated a position of trust. Embezzlement necessarily involves a position of trust.

STATE v. MULLANEY

[129 N.C. App. 506 (1998)]

Judge GREENE concurs in the result with a separate opinion.

Judge TIMMONS-GOODSON concurs with Judge Greene's separate opinion concurring in the result.

Appeal by defendant from judgment entered 13 January 1997 by Judge Robert H. Hobgood in Orange County Superior Court. Heard in the Court of Appeals 24 February 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General J. Mark Payne, for the State.*

*Tharrington Smith, L.L.P., by E. Hardy Lewis, for defendant-appellant.*

WALKER, Judge.

On 16 September 1996, the defendant was indicted on charges of embezzling $478,579.42 from the Chapel of the Cross Episcopal Church from 8 January 1993 through 21 February 1996 in violation of N.C. Gen. Stat. § 14-90. During this time period, while serving as financial secretary for the church, the defendant wrote some 141 checks to himself, forged the name of an associate priest of the church to the checks and deposited the money in his personal account. At the time of sentencing none of the money had been recovered and no restitution had been made to the church.

On 13 January 1997, pursuant to a plea agreement with the State, the defendant entered a plea of guilty to a single count of embezzlement. Prior to entering judgment, the trial court heard arguments of counsel as to whether sentencing should be imposed pursuant to Chapter 15A, Article 81A of our General Statutes (Fair Sentencing) or under Article 81B (Structured Sentencing). The trial court then found the following:

The indictment alleges acts from January 8, 1993 through February 21, 1996. The Court finds that this time period falls under both the Fair Sentencing Act and the Structured Sentencing Act. The Court further finds that only one judgment may be entered in this one case.

And the Court rules in its discretion that the sentencing shall be under the Fair Sentencing Act. Therefore, the maximum punishment on the class H felony is ten years, and the presumptive sentence on the class H felony is three years.

Subsequent to this ruling, the trial court inquired of the defendant, "[n]ow, with that ruling, how does the defendant plead?" Counsel for the defendant responded that the defendant pleads guilty.

The trial court found the following two aggravating factors: (1) that the offense involved an actual taking of property of great monetary value; and (2) that the defendant took advantage of a position of trust or confidence to commit the offense. The trial court also found five mitigating factors, but ultimately concluded that the aggravating factors outweighed the mitigating factors and sentenced defendant to ten years in prison, the maximum term allowed for a Class H felony under the Fair Sentencing Act.

Under Structured Sentencing, the maximum possible term of imprisonment for a Class H felony is thirty months. Moreover, for a defendant with no prior criminal record, the maximum term of imprisonment for a Class H felony is ten months. *See* N.C. Gen. Stat. § 15A-1340.17(d) (1997).

The defendant argues that where the crime is begun prior to the effective date of Structured Sentencing and is completed after the effective date that he must be sentenced under Structured Sentencing.

North Carolina's Structured Sentencing Act begins by defining the scope of its application: "This Article applies to criminal offenses in North Carolina...that occur on or after October 1, 1994." N.C. Gen. Stat. § 15A-1340.10 (1997). Defendant contends that because he pled guilty to an indictment charging a single crime which occurred over a period of years, 1993 through 1996, he therefore pled guilty to a crime which occurred "on or after October 1, 1994." Therefore, he argues that the plain language of N.C. Gen. Stat. § 15A-1340.10 requires that he be sentenced under Structured Sentencing and that the trial court erred in sentencing him under Fair Sentencing. The defendant's argument would have merit where the elements necessary to constitute a criminal act began before 1 October 1994 but were not completed until after that date. However, I conclude that separate crimes of embezzlement occurring over a period of time are not a "continuing offense."

Defendant relies on *Christ Lutheran Church v. State Farm Fire and Casualty Co.*, 122 N.C. App. 614, 471 S.E.2d 124, *aff'd per curiam*, 344 N.C. 732, 477 S.E.2d 33 (1996) and *State v. Williams*, 101 N.C. App. 412, 399 S.E.2d 348 (1991) in support of his argument.

Neither case deals specifically with whether the crime of embezzlement is a continuing offense and both are distinguishable from the instant case.

In *Christ Lutheran*, this Court held that for the purposes of an insurance policy, the plaintiff's employee's embezzlement, which took place over the course of several weeks, constituted one "occurrence" as defined by the policy. *Id.* at 618, 471 S.E.2d at 126. In *State v. Williams*, this Court interpreted a statute which required at least a $400.00 loss to make food stamp fraud a felony. There the Court found that the trial court erred by refusing to combine successive acts of misrepresentation by the defendant to reach the threshold level of $400.00. *Id.* at 415, 399 S.E.2d at 350. Neither case held that where a defendant engages in a series of actions (each one meeting the statutory definition of embezzlement) the crime is not consummated until the last action is complete.

I have found no authority which supports the conclusion that multiple acts of embezzlement occurring over a period of time would constitute one continuing offense. In fact, our courts have previously allowed defendants to be charged with multiple counts of embezzlement for multiple acts within a continuous series of actions. *See State v. Rupe*, 109 N.C. App. 601, 428 S.E.2d 480 (1993) (Defendant was indicted on 40 counts of embezzlement which occurred within a continuous series of actions over a period of years).

Here, the defendant does not challenge the validity of the indictment. Moreover, it is evident from the terms of the plea agreement that the defendant was aware that he could be charged with multiple counts of embezzlement as he agreed to plead guilty to one count to avoid prosecution on any "joinable offenses." Therefore, although the indictment charges defendant with one count of embezzlement taking place between 8 January 1993 and 21 February 1996, it does not charge a "continuing offense" such that the embezzlement began before the effective date of Structured Sentencing and was completed after the effective date.

The validity of the defendant's plea agreement must be determined pursuant to N.C. Gen. Stat. § 15A-1022 (1997) which provides in pertinent part:

**Advising defendant of consequences of guilty plea; informed choice; factual basis for plea; admission of guilt not required.**

...

(b) By inquiring of the prosecutor and defense counsel and the defendant personally, the judge must determine whether there were any prior plea discussions, whether the parties have entered into any arrangement with respect to the plea and the terms thereof, and whether any improper pressure was exerted in violation of G.S. 15A-1021(b). The judge may not accept a plea of guilty or no contest from a defendant without first determining that the plea is a product of informed choice.

(c) The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea. This determination may be based upon information including but not limited to:

  (1) A statement of the facts by the prosecutor.

  (2) A written statement of the defendant.

  (3) An examination of the presentence report.

  (4) Sworn testimony, which may include reliable hearsay.

  (5) A statement of facts by the defense counsel.

The Transcript of Plea found in the record shows that the defendant entered into a plea agreement in which he voluntarily pled guilty to one count of embezzlement and agreed to be sentenced under Fair Sentencing. Thus, it must be determined whether the trial judge properly found that there was a factual basis for the defendant's plea.

N.C. Gen. Stat. § 14-90 (1993), the applicable embezzlement statute, provides:

If any person exercising a public trust or holding a public office, or any guardian, administrator, executor, trustee, or any receiver, or any other fiduciary, or any officer or agent of a corporation, or any agent, consignee, clerk, bailee or servant, except persons under the age of 16 years, of any person, shall embezzle or fraudulently or knowingly and willfully misapply or convert to his own use, or shall take, make away with or secrete, with intent to embezzle or fraudulently or knowingly and willfully misapply or convert to his own use any money, goods or other chattels, bank note, check or order for the payment of money issued by or drawn on any bank or other corporation, or any treasury warrant, treasury note, bond or obligation for the payment of money issued by the United States or by any state, or any other valuable

security whatsoever belonging to any other person or corporation, unincorporated association or organization which shall have come into his possession or under his care, he shall be punished as a Class H felon.

In the instant case, the elements of the crime of embezzlement are satisfied by each separate act of defendant depositing a forged check into his personal account. According to the State, the defendant converted at least 141 different checks between January 1993 and February 1996 and at least 87 of these checks were converted prior to 1 October 1994. Each act of converting a forged check into his own account could have resulted in a separate indictment against the defendant. Moreover, the terms of the plea agreement further provided that the defendant would avoid prosecution on any joinable offenses if he pled guilty to a single count of embezzlement punishable as a Class H felony under Fair Sentencing. Therefore, the trial judge properly determined that a factual basis existed for defendant's plea as the evidence showed he committed an act of embezzlement before 1 October 1994. I conclude the trial judge did not err in sentencing the defendant under Fair Sentencing.

[2] Defendant next argues that the trial court erred in enhancing defendant's sentence based upon finding as an aggravated factor that the defendant violated a position of trust.

Former N.C. Gen. Stat. § 15A-1340.4, which was applied in this case, provides: "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." *See State v. Raines*, 319 N.C. 258, 354 S.E.2d 486 (1987). Moreover, to be guilty of embezzlement, a defendant "must have been entrusted with and received into his possession lawfully the personal property of another, and thereafter with felonious intent must have fraudulently converted the property to his own use." *State v. Griffin*, 239 N.C. 41, 45, 79 S.E.2d 230, 232 (1953). Thus, proof of embezzlement necessarily involves proof of a position of trust and the trial court erred in finding as an aggravating factor that defendant violated a position of trust.

We conclude that the sentence should be vacated and the case should be remanded for re-sentencing. In accordance with the separate opinion by Judge Greene, concurred in by Judge Timmons-Goodson, the defendant shall be sentenced under the Structured Sentencing Act.

Vacated and remanded.

Judge GREENE concurs in the result with a separate opinion.

Judge TIMMONS-GOODSON concurs with Judge Greene's separate opinion concurring in the result.

Judge GREENE concurring in the result.

[1] I fully agree with Judge Walker that separate acts of embezzlement by a defendant from the same victim occurring over a period of time do not constitute, as a matter of law, a single offense ending on the date of the last embezzlement. Indeed, each act of embezzlement can support a separate indictment. *See State v. Rupe*, 109 N.C. App. 601, 603-04, 428 S.E.2d 480, 482-83 (1993); *State v. Thompson*, 50 N.C. App. 484, 489, 274 S.E.2d 381, 385 ("[T]he State could have obtained a separate indictment for each check drawn by defendant in excess of the authorized amount [rather than issuing] one indictment for each year."), *disc. review denied*, 302 N.C. 633, 280 S.E.2d 448 (1981). There is nothing, however, to preclude a single embezzlement indictment charging the embezzlement of monies, with the date of the offense extending over a period of time and including multiple misapplications and conversions. The choice of how to proceed is with the district attorney.

In this case, the district attorney chose to proceed with a single indictment charging the defendant with the embezzlement of $478,579.42 over a period of time extending from 8 January 1993 to 21 February 1996. Because the offense as charged in the indictment was not completed until after 1 October 1994, the trial court was required to sentence the defendant under the Structured Sentencing Act (Act). N.C.G.S. § 15A-1340.10 (1997) (the Act applies to all criminal offenses "that occur on or after October 1, 1994"); *cf.*, *e.g.*, *United States v. Moscony*, 927 F.2d 742, 754-56 (3d Cir.) (holding that the new Federal Sentencing Guidelines apply where the indictment charges an offense beginning before but concluding after the effective date of the guidelines), *cert. denied*, 501 U.S. 1211, 115 L. Ed. 2d 984 (1991); *United States v. Sheffer*, 896 F.2d 842, 844-45 (4th Cir.) (same), *cert. denied*, 498 U.S. 838, 112 L. Ed. 2d 416 (1990); *United States v. White*, 869 F.2d 822, 826 (5th Cir.) (same), *cert. denied*, 490 U.S. 1112, 104 L. Ed. 2d 1033 (1989). To allow sentencing in this case under Fair Sentencing (the law in effect for crimes committed prior to 1 October 1994) is not permitted by our case law, which requires that sentenc-

ing be consistent with the indictment. *See State v. Neville,* 108 N.C. App. 330, 332, 423 S.E.2d 496, 497 (1992) (defendant's punishment relies on his indictment).

Accordingly, I vacate the sentence and remand for imposition of a new sentence consistent with the Act. Because I agree with Judge Walker that the trial court erred in finding defendant's violation of a position of trust to be an aggravating factor, the trial court may not consider this factor in resentencing.