**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4663**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SALITO MARQUES GOOD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-330)

Submitted:  February 7, 2006          Decided:  February 22, 2006

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Salito Marques Good of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Adopting the Presentence Report ("PSR"), the district court found that Good qualified as an "armed career criminal" under § 924(e)(1), meaning that he had at least "three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another."  Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  The ACCA prescribes a minimum sentence of fifteen years' imprisonment.  The district court, after considering the advisory guidelines range and the factors enumerated in 18 U.S.C. § 3553(a), imposed a sentence of twenty-one years' imprisonment.  Good appeals his sentence, arguing that the district court erred in sentencing him as an armed career criminal.  Finding no error, we affirm.

I.

Good was stopped in Greensboro, North Carolina, while driving his girlfriend's car and, he admits, "probably speeding." J.A. 52.  After arresting Good for driving without a license and speeding, the officer searched the car and found a loaded .22 caliber revolver under the driver's side floor mat.  A grand jury subsequently indicted Good in the Middle District of North Carolina for possessing a firearm in commerce after a felony conviction, in

2

violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Good stipulated that, on the date he possessed the firearm, he had one prior felony conviction that "had not been expunged or set aside," namely his 2004 conviction for second degree burglary in North Carolina state court. J.A. 10-11. The federal indictment did not charge, nor did Good stipulate, that he was an armed career criminal under the ACCA.

At trial Good admitted to having six prior convictions, including felony convictions for speeding to elude arrest, common law robbery, and second degree burglary. The jury found Good guilty of "the crime charged in the indictment," the crime of felon-in-possession. J.A. 95. The jury was never asked to find whether Good qualified as an armed career criminal under the ACCA, 18 U.S.C. § 924(e)(1), and its corresponding provision in the Sentencing Guidelines, U.S.S.G. § 4B1.1, comment (n.1). In calculating the guidelines range, the district court found that Good qualified as an armed career criminal under these provisions, thereby enhancing Good's base offense level from 24 to 33. A defendant qualifies as an armed career criminal if he has at least "three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Good's offense level of 33, when combined with his criminal history category of VI, yielded a guidelines range of 235 to 293 months. U.S.S.G. Sentencing Table,

Ch. 5, Pt. A.  After considering this range as well as the factors enumerated in 18 U.S.C. § 3553(a), the district court imposed a sentence of 252 months.

Prior to sentencing, Good objected to his status as an armed career criminal on two grounds, arguing (1) that he did not have the three predicate convictions for "a violent felony or serious drug offense, or both" and (2) that pursuant to Blakely v. Washington, 542 U.S. 296 (2004), elements of the ACCA must be charged in the indictment and either admitted by the defendant or found by the jury beyond a reasonable doubt.  Regarding the first objection, the PSR listed Good's six adult convictions without identifying which three rendered him an armed career criminal under the ACCA.  At the sentencing hearing, the prosecutor clarified that "in [his] understanding" the three predicate convictions were: felonious elude of arrest by motor vehicle (2001); felonious common law robbery (2001); and felonious second degree burglary (2004).  The district court agreed.  Good, however, objected to the first of these three predicates, eluding arrest by motor vehicle, on the ground that it was not a violent felony for ACCA purposes.  Regarding the second objection, Good conceded at the sentencing hearing that "the recent decision in the Fourth Circuit . . . sho[t] [his Blakely] argument in the foot," no doubt referring to United States v. Cheek, 415 F.3d 349 (4th Cir. 2005), but he preserved this issue for appeal.  J.A. 97-98.

4

Good now appeals his sentence, raising the same two objections to his ACCA enhancement. We review de novo whether a prior conviction qualifies as a predicate conviction under § 924(e). See United States v. Williams, 326 F.3d 535, 537 (4th Cir. 2003). We also review de novo whether the enhancement was unconstitutionally imposed as a matter of law. See United States v. Thompson, 421 F.3d 278, 280-81 (4th Cir. 2005).

## II.

Under the ACCA a "violent felony" is any crime punishable for a term exceeding one year that "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another" or "(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "It is often a question of law whether a [prior] felony meets the statutory definition of a 'violent felony'" because violence is often inherent in the prior crime. Thompson, 421 F. 3d at 283-84 (internal quotation marks and citation omitted). Good argues that his prior conviction for eluding arrest by motor vehicle does not qualify as a predicate conviction under the ACCA.

This prior conviction satisfies both requirements, however. First, the crime charged is punishable by a prison term

5

exceeding one year even though Good only received a sentence of six to eight months' imprisonment. For ACCA purposes, lengths of punishment "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held," in this case North Carolina. 18 U.S.C. § 921(a)(20); see also United States v. Lender, 985 F.2d 151, 156 (4th Cir. 1993). The relevant question is whether any defendant charged with the crime could receive a sentence of more than one year, not whether Good in particular did or could have; we must consider "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (citing United States v. Jones, 195 F.3d 205, 206-08 (4th Cir. 1999)). Under North Carolina law at the time that Good that was convicted (2001), felonious elude of arrest was a class H felony that carried a maximum of thirty months for defendants with prior criminal records. N.C. Gen. Stat. § 20-141.5 (1997) (speeding to elude arrest); N.C. Gen. Stat. § 15A-1340.17(d)(1997) (felony sentencing); see also State v. Funchess, 141 N.C. App. 302, 309, 540 S.E.2d 435, 439 (N.C. 2000); State v. Mullaney, 129 N.C. App. 506, 508, 500 S.E.2d 112, 114 (N.C. 1998). The crime thus meets the first requirement for a "violent felony" under the ACCA.

The crime also meets the second requirement. Although it is not among the crimes enumerated in § 924(e)(2)(B)(ii), it satisfies the "otherwise" clause of this provision: the offense in

abstract, speeding by car to elude arrest, creates a serious potential risk of injury to others in the car's path. It is an active crime that poses an obvious risk of injury. Cf. United States v. Hairston, 71 F.3d 115, 118 (4th Cir. 1995) (holding that felony escape from custody in North Carolina constitutes a violent felony under ACCA given that the "supercharged nature of events surrounding an escape" presents "an immediate and substantial risk that the situation will escalate" to one involving physical force and/or injury) (internal quotation marks and citation omitted).

Accordingly, we conclude that Good's prior conviction for felonious elude of arrest qualifies as a predicate conviction under the ACCA.

## III.

Good also alleges that his ACCA sentence violates his constitutional rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and succeeding cases, most notably United States v. Booker, 543 U.S. 220 (2005). Because Good was sentenced post-Booker, however, he cannot establish constitutional error. Under Booker there is no Sixth Amendment error when a defendant is sentenced under a non-mandatory guidelines scheme. See United States v. Chau, 426 F.3d 1318, 1323-34 (11th Cir. 2005) ("[T]he use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional" under Booker.)

7

(internal quotation marks and citation omitted); <u>United States v. Martins</u>, 413 F.3d 139, 152 (1st Cir. 2005) ("[T]he Sixth Amendment [under <u>Booker</u>] is not violated simply because a judge finds sentencing facts under the guidelines; rather, the error is only that the judge did so pursuant to a mandatory guidelines system.") (citing <u>United States v. Antonakopoulos</u>, 399 F.3d 68, 75 (1st Cir. 2005)). Pursuant to <u>Booker</u>'s remedial scheme, the district court here considered the advisory guidelines range as well as the factors set forth in 18 U.S.C. § 3553(a) and selected a sentence at the low end of the range that it considered reasonable.

<u>Even if</u> Good had been sentenced under a mandatory guidelines scheme, however, he could not show constitutional error under <u>Blakely</u> or <u>Booker</u>. The Supreme Court has held that prior convictions, more precisely the fact of prior convictions, may be used to enhance sentences even if those convictions have not been found by the jury beyond a reasonable doubt. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226-27, 243-44 (1998). This recidivism exception survives <u>Booker</u> intact. 543 U.S. ---, 125 S. Ct. at 756; <u>see also</u> <u>United States v. Cheek</u>, 415 F.3d 349, 352-53 (4th Cir. 2005) ("It is . . . clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.").

8

Applying this recidivism exception, we have held that ACCA enhancements are constitutional under <u>Booker</u>. Specifically, we have held that sentencing courts, in addition to considering the fact of prior convictions, can determine as a matter of law whether these convictions meet the statutory definition of a "violent felony" under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1. <u>See</u> <u>Thompson</u>, 421 F.3d at 283-87 (finding no Sixth Amendment error when judge, not jury, found that prior convictions were predicates for ACCA enhancement because "fact of prior conviction[s]" includes "essential components" of these convictions, such as date of offense and whether offense meets statutory definition of "violent felony"); <u>Cheek</u>, 415 F.3d at 351-53 (upholding constitutionality of ACCA enhancement). Even if Good had been sentenced under a mandatory guidelines scheme, he could not demonstrate constitutional error.

IV.

For the foregoing reasons, we affirm Good's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED</u>

9