**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4643

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMAR BROOKS HAILEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-161)

Submitted: May 15, 2006          Decided: July 12, 2006

Before MICHAEL and KING, Circuit Judges, and Joseph F. ANDERSON, Jr., Chief United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to his guilty plea, Jamar Brooks Hailey was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In determining Hailey's sentence, the district court found that he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The ACCA prescribes a minimum sentence of fifteen years' imprisonment. The district court, after considering the advisory sentencing guidelines and the factors enumerated in 18 U.S.C. § 3553(a), imposed a sentence of 190 months' imprisonment. Hailey appeals his sentence, arguing that the district court erred in sentencing him as an armed career criminal. Finding no error, we affirm.

I.

On February 1, 2004, a police officer noticed Hailey in a parked car with an expired registration certificate in Southern Pines, North Carolina. When approached, Hailey admitted he was smoking marijuana. The officer also found Hailey was in possession of a firearm. A federal grand jury subsequently indicted Hailey in the Middle District of North Carolina for possessing a firearm in commerce after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The federal indictment did not charge, nor did Hailey stipulate, that he was an armed career criminal

2

under the ACCA.  Hailey subsequently pled guilty to the charge of felony possession of a firearm.

In calculating the advisory sentencing guidelines range, the district court found that Hailey qualified as an armed career criminal, thereby enhancing Hailey's base offense level to 30 with a criminal history category of VI.  A defendant qualifies as an armed career criminal if he has at least "three previous convictions ... for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Hailey's offense level of 30, when combined with his criminal history category of VI, yielded an advisory sentencing guidelines range of 180 to 210 months.  U.S.S.G. Sentencing Table, Ch. 5, Pt. A.  The district court imposed a sentence of 190 months.

Prior to sentencing, Hailey objected to his qualification as an armed career criminal on two grounds: (1) that he did not have the three predicate convictions for "a violent felony or serious drug offense, or both" and (2) that pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and Shepard v. United States, 544 U.S. 13 (2005), elements of the ACCA must be charged in the indictment and either found by the jury beyond a reasonable doubt or admitted by the defendant.

Regarding the first objection, the Presentence Report ("PSR") listed Hailey's three adult convictions and noted that his predicate convictions rendered him an armed career criminal under

3

the ACCA. The PSR identified the three predicate convictions as one felonious elude of arrest by motor vehicle and two felonious common law robberies. Hailey, however, took exception to the first of these three predicate convictions (eluding arrest by motor vehicle) on the ground that it was not a violent felony for ACCA purposes. He asserted that because the maximum sentence to which he was exposed for this conviction was only ten to twelve months' imprisonment, the conviction was not a "crime punishable by imprisonment for a term exceeding one year" under the ACCA.

As to the second objection, Hailey argued that the indictment failed to inform him that he faced ACCA punishments because it did not (1) enumerate the predicate convictions; (2) specify whether the predicate convictions met the elements of a "violent felony" or "serious drug offense," or (3) allege that the three prior convictions for qualifying felonies were committed on "*occasions different from one another*." Hailey conceded at the sentencing hearing that at least two Circuits have ruled against this objection.

The district court overruled both of Hailey's objections.

Hailey now appeals his sentence, raising the same two pre-sentence objections to his ACCA enhancement. We review de novo whether a prior conviction qualifies as a predicate conviction under 18 U.S.C. § 924(e). See United States v. Williams, 326 F.3d 535, 537 (4th Cir. 2003). We also review de novo whether the

4

enhancement was unconstitutionally imposed as a matter of law.  See United States v. Thompson, 421 F.3d 278, 280-81 (4th Cir. 2005).

## II.

Under the ACCA, a "violent felony" is any crime punishable for a term exceeding one year that "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).  It is "often a question of law whether a [prior] felony meets the statutory definition of a 'violent felony'" because violence is often inherent in the prior crime. Thompson, 421 F.3d at 283-84 (internal quotation marks and citation omitted).  Hailey argues that his prior conviction for eluding arrest by motor vehicle does not qualify as a predicate conviction under the ACCA.

To the contrary, Hailey's prior conviction satisfies both requirements under the ACCA.  First, the crime charged (eluding arrest by motor vehicle) is punishable by a prison term exceeding one year even though Hailey was eligible to receive a sentence of only ten to twelve months imprisonment.  For ACCA purposes, lengths of punishment "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held," which in this

case is North Carolina.  18 U.S.C. § 921(a)(20); see also United States v. Lender, 985 F.2d 151, 156 (4th Cir. 1993).  The relevant question is whether any defendant charged with the crime could receive a sentence of more than one year, not whether Hailey in particular did or could have.  That is, the court must consider "the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (citing United States v. Jones, 195 F.3d 205, 206–08 (4th Cir. 1999)).  At the time of Hailey's conviction in 2002, North Carolina law provided that felonious elude of arrest was a class H felony that carried a maximum of thirty months' imprisonment for defendants with prior criminal records.  N.C. Gen. Stat. § 20-141.5 (1997)(speeding to elude arrest); N.C. Gen. Stat. § 15A-1340.17(d)(1997)(felony sentencing); see also State v. Funchess, 141 N.C. App. 302, 309, 540 S.E.2d 435, 439 (N.C. 2000); State v. Mullaney, 129 N.C. App. 506, 508, 500 S.E.2d 112, 114 (N.C. 1998).  Thus, the crime meets the first requirement for a "violent felony" under the ACCA.

The crime also meets the second requirement under the ACCA. Although it is not among the crimes enumerated in § 924(e)(2)(B)(ii), it satisfies the "otherwise" clause of this provision: the offense in abstract--speeding by motor vehicle to elude arrest--creates a serious potential risk of injury to others

6

in the vehicle's path. It is an active crime that poses an obvious risk of injury. Cf. United States v. Hairston, 71 F.3d 115, 118 (4th Cir. 1995) (holding that felony escape from custody in North Carolina constitutes a violent felony under ACCA given that the "supercharged nature of events surrounding an escape" presents "an immediate and substantial risk that the situation will escalate" to one involving physical force and/or injury) (internal quotation marks and citation omitted). This holding is consistent with the holdings in United States v. Jones, 195 F.3d 203 (4th Cir. 1999). Accord United States v. Harp, 406 F.3d 242 (4th Cir. 2005).

Accordingly, we conclude that Hailey's prior conviction for felonious elude of arrest by motor vehicle qualifies as a predicate conviction under the ACCA.

III.

Hailey also alleges that his ACCA sentence violates his constitutional rights under Blakely v. Washington, 542 U.S. 296 (2004) and Shepard v. United States, 544 U.S. 13 (2005). Because Hailey was sentenced after United States v. Booker, 543 U.S. 220 (2005), however, he cannot establish constitutional error. Under Booker, there is no Sixth Amendment error when a defendant is sentenced under a non-mandatory guidelines scheme. Id. at 245-46; see also United States v. Chau, 426 F.3d 1318, 1323-34 (11th Cir. 2005) ("[T]he use of extra-verdict enhancements in an advisory

7

guidelines system is not unconstitutional" under Booker.) (internal quotation marks and citation omitted); United States v. Martins, 413 F.3d 139, 152 (1st Cir. 2005) ("[T]he Sixth Amendment [under Booker] is not violated simply because a judge finds sentencing facts under the guidelines; rather, the error is only that the judge did so pursuant to a mandatory guidelines system.") (citing United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005)). Pursuant to Booker's remedial scheme, the district court here considered the advisory guidelines range as well as the factors set forth in 18 U.S.C. § 3553(a) and selected a sentence within the range that it considered reasonable.

Even if Hailey had been sentenced under a mandatory guidelines scheme, however, he could not show constitutional error under Blakely or Shepard. The Supreme Court has held that prior convictions--more precisely the fact of prior convictions--may be used to enhance sentences even if those convictions have not been found by the jury beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). This recidivism exception survives Booker intact. Booker, 543 U.S. at 244; see also United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005) ("It is ... clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for sentencing

8

enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.").

Applying this recidivism exception, we have held that ACCA enhancements are constitutional under <u>Booker</u>. Specifically, we have held that sentencing courts, in addition to considering the fact of prior convictions, can determine as a matter of law whether these convictions meet the statutory definition of a "violent felony" under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1. <u>United States v. Thompson</u>, 421 F.3d 278, 283-87 (4th Cir. 2005) (finding no Sixth Amendment error when judge, not jury, found that prior convictions were predicates for ACCA enhancement because "fact of prior conviction[s]" includes "essential components" of these convictions, such as date of offense and whether offense meets statutory definition of "violent felony"); <u>Cheek</u>, 415 F.3d at 351-53 (upholding constitutionality of ACCA enhancement). Even if Hailey had been sentenced under a mandatory guidelines scheme, he could not demonstrate constitutional error.

IV.

For the foregoing reasons, we affirm Hailey's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED</u>

9