FRANK HUNTER McCLURE, PETITIONER, v. STATE OF NORTH CAROLINA.

(Filed 4 May, 1966.)

**1. Rape §§ 12, 17—**

Former virginity of a female child is an essential element of the offense of carnal knowledge of a female virgin between 12 and 16 years of age and her consent is not a defense, G.S. 14-26, while in a prosecution for assault with intent to commit rape, the virginity of the female over 12 years of age is not an element of the offense, and the intent of defendant to gratify his passion on the person of the female at all events, notwithstanding any resistance on her part, is an essential element of that offense; the offenses are separate and distinct and the one is not a less degree of the other.

**2. Indictment and Warrant § 7; Constitutional Law § 28—**

There can be no adjudication of guilt of a felony unless the defendant is put to trial upon an indictment duly found by a grand jury. Constitution of North Carolina, Art. I, § 17; Fourteenth Amendment to the Federal Constitution, § 1.

**3. Same; Criminal Law § 23—**

In a prosecution under an indictment charging defendant with carnal knowledge of a female virgin between 12 and 16 years of age, G.S. 14-26, the court may not accept a plea of guilty of assault on a female with intent to commit rape, G.S. 14-22, since there is no indictment to support the sentence upon the plea of guilty.

**4. Criminal Law § 173—**

Where it appears upon a post conviction hearing that defendant was sentenced upon his plea of guilty to an offense not included in the charge, so that the sentence entered upon the plea of guilty is not supported by the indictment, the order of the lower court denying petitioner any relief under the Post Conviction Hearing Act must be vacated as a nullity.

MOORE, J., not sitting.

CERTIORARI to review a final order denying petitioner any relief, entered by *Campbell, J.,* in a post conviction hearing held pursuant

to the provisions of G.S. 15-217 *et seq.* at the October 1965 Criminal Session of HENDERSON.

*Attorney General T. W. Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.*
*William H. Stepp, Jr., for petitioner.*

PARKER, C.J. On 31 December 1964 petitioner filed with the Superior Court of Henderson County a petition pursuant to the provisions of G.S. 15-217 *et seq.*, seeking a review of the constitutionality of his trial at the October 1960 Criminal Session of Henderson County, Froneberger, J., presiding. On 27 February 1965 Clarkson, J., pursuant to G.S. 15-219, appointed Kenneth Youngblood, a member of the Henderson County Bar, to represent petitioner, an indigent, at the post conviction hearing. The material facts alleged in the petition, admitted in the answer thereto of the Attorney General, shown by the evidence, and found by Judge Campbell in his order are not in dispute, and are as follows:

At the October 1960 Criminal Session of Henderson, petitioner was called for trial on an indictment charging him in June 1960 with unlawfully, wilfully and feloniously carnally knowing Evelyn B. Hyder, a female child, over twelve and under sixteen years of age, who had never before had sexual intercourse with any person, he, the said Hunter McClure, a male person, being at the time over eighteen years of age, a violation of G.S. 14-26. McClure was represented by Paul K. Barnwell, a lawyer employed for him by his father and mother. Petitioner entered a plea of guilty to an assault with intent to commit rape, a violation of G.S. 14-22, and was sentenced to imprisonment for a term of not less than twelve nor more than fifteen years. There was, so far as the record before us discloses, no formal and sufficient accusation in the Superior Court of Henderson County at the October 1960 Criminal Session charging petitioner with the offense of an assault with intent to commit rape. Petitioner is still in prison serving this sentence.

In the hearing before Judge Campbell, petitioner testified, *inter alia,* in substance: In June 1960 he was 35 years old. Evelyn B. Hyder was his sister's child, was "right at 14" years, and was willing for him to have sexual intercourse with her. His lawyer Barnwell told him "we'll enter a plea of guilty to assault." He thought he was pleading guilty to an assault; no one told him he was pleading guilty to an assault on a female with intent to commit rape.

Judge Campbell in his order found the following facts:

"8. That at the time of the trial, the defendant was not under the influence of any narcotics, drugs, alcohol and had

not been threatened, placed under duress or promised anything by any court official, law enforcement officer, solicitor or Judge, and that the defendant freely and voluntarily and at a time when he knew or should have known what he was doing in open Court as disclosed by the Minutes of said Court. 'The defendant, through his Attorney, Paul Barnwell enters a plea of guilty of assault with intent to commit rape.' That said plea was entered freely and voluntarily and that the Court in open Court entered Judgment: 'Let the defendant be confined in the State's Prison at Raleigh for not less than 12 nor more than 15 years.'

\*　　\*　　\*

"11. That the defendant with his long and varied experience in the trial of criminal cases and as the accused in criminal cases and as a felon knew what he was doing when he entered the plea of guilty and he did so at a time when he had full opportunity to confer with his mother and other members of his family and with his privately employed attorney."

Based upon such findings Judge Campbell ordered and adjudged "that none of the defendant's constitutional rights were in any way violated and that he received a fair trial in accordance with due process of law and the sentence rendered conforms with the law and was rendered by a Court of competent jurisdiction and that the defendant is now properly in the custody of the prison authorities of the State of North Carolina.

After Judge Campbell had entered his final order, he entered an order discharging Kenneth Youngblood as attorney for petitioner, for the reason that Kenneth Youngblood asked to be released as petitioner's attorney because of petitioner's attitude.

On 20 October 1965 Judge Campbell entered an order appointing William H. Stepp, Jr., as counsel for petitioner to apply for a writ of certiorari to this Court to review Judge Campbell's final order.

On 15 February 1966 we allowed McClure's petition for a writ of certiorari.

The felony set forth in G.S. 14-26 (carnal knowledge of female virgins between twelve and sixteen years of age) is a distinct and separate felony from the felony set forth in G.S. 14-22 (assault with intent to commit rape). The essential elements of G.S. 14-22 and G.S. 14-26 are not identical. In G.S. 14-26 former virginity of the female child is an essential element of the charge, and her consent is not a defense. S. v. Barefoot, 241 N.C. 650, 86 S.E. 2d 424. Punishment for a violation of G.S. 14-26 shall be a fine or imprisonment

in the discretion of the court, and imprisonment cannot exceed ten years. *S. v. Grice,* 265 N.C. 587, 144 S.E. 2d 659; *S. v. Blackmon,* 260 N.C. 352, 132 S.E. 2d 880 (1963). The *Blackmon* case overruled *S. v. Swindell,* 189 N.C. 151, 126 S.E. 417 (1925), which upheld a sentence of imprisonment for thirty years based upon defendant's conviction for violating C.S. 4209, now G.S. 14-26. Punishment for a violation of G.S. 14-22 shall be imprisonment in the State's prison for not less than one nor more than fifteen years. In a prosecution for a violation of G.S. 14-22 if the female victim is over 12 years of age (see G.S. 14-21), her virginity is not an essential element of the offense, and in order to convict the State must show by evidence beyond a reasonable doubt "not only an assault, but that the defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part." *S. v. Burnette,* 242 N.C. 164, 87 S.E. 2d 191, 52 A.L.R. 2d 1181; 1 Wharton's Criminal Law, Anderson Ed. (1957), § 302, pp. 629-31. Consent by the female victim obtained by the use of force or fear due to threats of force is void and no consent. Wharton, *ibid,* § 311; *S. v. Carter,* 265 N.C. 626, 144 S.E. 2d 826. The felony set forth in G.S. 14-22 is not a less degree of the felony set forth in G.S. 14-26.

G.S. 15-137 reads in relevant part: "No person shall be . . . put on trial before any court, but on indictment found by the grand jury, unless otherwise provided by law."

"There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court acquires no jurisdiction whatever, and if it assumes jurisdiction a trial and conviction are a nullity." 42 C.J.S., Indictments and Informations, § 1; *S. v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381; *S. v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166.

When the court at the October 1960 Criminal Session of Henderson County Superior Court sentenced petitioner to imprisonment for a term of not less than twelve nor more than fifteen years upon his plea of guilty to an assault with intent to commit rape when there was no formal and sufficient accusation against him for the offense to which he pleaded guilty, it would seem to be without precedent, and the sentence of imprisonment was a nullity, and violates petitioner's rights as guaranteed by Art. I, sec. 17, of the North Carolina Constitution, and by section 1 of the 14th Amendment to the United States Constitution. See *S. v. Jordan,* 226 N.C. 155, 37 S.E. 2d 111.

The Attorney General in the State's brief candidly states that

petitioner "in this case is entitled to relief as this Court may order."

Judge Campbell's conclusion of law to the effect that none of petitioner's constitutional rights were in any way violated, and that he received a fair trial in accordance with due process of law and the sentence rendered conforms with the law, and that defendant is now properly in the custody of the prison authorities of the State of North Carolina is erroneous. Final order of Judge Campbell is reversed, and sentence of imprisonment of petitioner imposed at the October 1960 Criminal Session of Henderson County Superior Court is vacated as a nullity.

MOORE, J., not sitting.