STATE OF NORTH CAROLINA v. GEORGE HARRIS

No. 87

(Filed 16 December 1970)

**Rape § 18; Constitutional Law § 36— assault with intent to commit rape —
cruel and unusual punishment**

> Sentence of 12 to 15 years' imprisonment imposed upon defendant's
> conviction of assault with intent to commit rape does not constitute
> cruel and unusual punishment; it was immaterial to this question that
> the maximum permissible punishment for carnally knowing a female
> between the ages of twelve and sixteen is 10 years' imprisonment. G.S.
> 14-22; G.S. 14-26.

APPEAL by defendant from *McKinnon, J.,* November 14,
1968 Session of WAKE Superior Court, transferred for initial
appellate review by the Supreme Court under an order entered
pursuant to G.S. 7A-31(b)(4).

Criminal prosecution on an indictment which charged that
defendant, on October 19, 1968, assaulted Annie Lee Harvey, a
female, with intent to rape her, a violation of G.S. 14-22.

Defendant was represented at trial by Garland B. Daniel,
Esq., court-appointed counsel.

The State offered evidence tending to show the facts nar-
rated below.

Annie Lee Harvey was employed at the Golden Eagle. On
October 19, 1968, after dark, she was walking along the sidewalk
on South Blount Street. It was raining. As she approached an
alley, she was walking "on the edge of the sidewalk right at
the trees." Two men whom she had not previously seen walked
up behind her and grabbed her, one on each side. She did not
know either of these men. Despite her protests and struggles,
they dragged her through the alley. Upon reaching an area back
from the street, they threw her "over in the weeds and grass."
The two men were on their knees, one on each side of her. Both
pulled at her panties and succeeded in getting them as far
down as her knees. They exchanged talk as to which would be
the first to have sexual intercourse with her. Although she
protested, wrestled and tusseled, the two men made it un-
mistakably clear they intended to take turns in having sexual
intercourse with her by force, without her consent, against her

will, and notwithstanding any resistance she might make. She was saved from this fate by the intervention of Alton Collins, a State's witness, whom she did not know and who did not know either of the men who assaulted her.

Collins had gone to Harris' poolroom on Blount Street to make a telephone call. Before entering, he stopped and stood under the awning at the entrance, "shaking the water off (his) coat." He heard some loud talking between a woman and two men on the opposite side of the street. He heard the woman tell the two men "to leave her alone, that she was a lady; (that) she couldn't go with them." When this occurred, Collins paid no further attention, walked into Harris' poolroom to make the telephone call, failed to reach his party, and then came back to the sidewalk. At that time, the men had pulled the woman off the sidewalk up into the entrance of the driveway or alley. As he watched, defendant had hold of the woman's left arm and the other man "had her up under his arm" and "they went out of my sight . . . but still (he) could hear them up in the alley." Collins crossed the street. Walter (Buster) Harris was with him. Upon reaching the entrance to the alley, Collins could hear the woman telling the men to leave her alone. Collins and Walter Harris tiptoed through the alley to the edge of the parking lot and got within two or three feet of the woman and the two men. Collins testified that "(r)ight before this other gentleman, whoever he was, threw her on the ground, the defendant Harris told her she was going to have intercourse with him or die or however it was. Those weren't the exact words he used."

When Collins observed that the woman had been thrown to the ground and was still protesting and struggling, he called out: "Ya'll get up and leave that lady alone." Defendant picked up the woman's pocketbook and ran. Walter Harris went to the assistance of the woman. Collins chased defendant some distance, overtook him, grabbed him and threw him down. He had someone call the police. He held defendant until the police arrived and took him into custody.

Apparently, defendant's companion in crime escaped. Nothing in the record indicates he was apprehended or identified.

Defendant did not testify or offer any evidence.

The jury returned a verdict of guilty as charged. Judgment, which imposed a prison sentence of not less than twelve nor more than fifteen years, was pronounced.

Defendant did not appeal or attempt to do so.

On June 4, 1970, after a post-conviction hearing, Hall, J., found that defendant had never taken an appeal but had not known of his right of appeal until the prescribed time for giving notice of appeal had passed. Pusuant to the order of Hall, J., defendant filed a petition with the Court of Appeals for a writ of *certiorari* to permit an appellate review *as upon direct appeal.* This petition, which was not opposed by the Attorney General, was granted August 21, 1970, by the Court of Appeals.

*Attorney General Morgan and Assistant Attorney General McDaniel for the State.*

*John M. Fountain for defendant appellant.*

BOBBITT, Chief Justice.

Defendant's appellate counsel concedes, and rightly so, that defendant's motion for judgment as in case of nonsuit was properly overruled. The State's unequivocal and uncontradicted evidence was amply sufficient to support the verdict of guilty as charged.

In pronouncing judgment Judge McKinnon publicly commended Mr. Collins for his responsible action as a citizen in affording protection to Annie Lee Harvey from defendant and defendant's companion in crime, thereby saving her from being the victim of actual rape and possibly saving defendant from a sentence of death or life imprisonment. We endorse Judge McKinnon's appropriate and timely remarks. The chase, overtaking and seizure of defendant by Collins at or near the scene of the crime eliminated all uncertainty as to the identity of defendant as *one* of the assailants.

As noted the State's evidence includes testimony that defendant, after Collins' intervention, picked up and ran away with Annie Lee Harvey's pocketbook. Although no exception was taken to the charge, it seems appropriate to mention that Judge McKinnon instructed the jury they could return (1) a verdict of guilty of assault with intent to commit rape as charged, or (2) guilty of an assault on a female, he being a male person over the age of eighteen years, or (3) a verdict of not guilty. Careful to afford defendant every possible right, Judge McKinnon instructed the jury as follows: "If you find that he (defend-

ant) made an assault on her (Annie Lee Harvey) but you find that his intent was to steal her pocketbook and not to rape her, then he would not be guilty of the felony charge, although he would be guilty of an assault on a female." Understandably, the jury rejected this view of defendant's conduct.

Defendant asserts the prison sentence of not less than twelve nor more than fifteen years constitutes cruel and unusual punishment in violation of Article I, Section 14, of the Constitution of North Carolina, and the Eighth Amendment to the Constitution of the United States.

As a basis for this contention, defendant asserts that the felony created by G.S. 14-22 is a lesser included offense of the felony created by G.S. 14-26.

G.S. 14-22 provides: "Every person convicted of an assault with intent to commit a rape upon the body of any female shall be imprisoned in the State's prison not less than one nor more than fifteen years."

G.S. 14-26 in pertinent part provides: "If any male person shall carnally know or abuse any female child, over twelve and under sixteen years of age, who has never before had sexual intercourse with any person, he shall be guilty of a felony and shall be fined or imprisoned in the discretion of the court . . . . " Authoritative decisions of this Court hold that imprisonment for ten years is the maximum permissible punishment for a violation of G.S. 14-26. *State v. Blackmon,* 260 N.C. 352, 132 S.E. 2d 880; *State v. Grice,* 265 N.C. 587, 144 S.E. 2d 659.

The differences between these statutes are set forth in detail by Chief Justice Parker in *McClure v. State,* 267 N.C. 212, 214-215, 148 S.E. 2d 15, 17. Repetition is unnecessary. The *decision* of this Court was stated succinctly by Chief Justice Parker as follows: "The felony set forth in G.S. 14-22 is not a less degree of the felony set forth in G.S. 14-26."

Defendant calls attention to *Cannon v. Gladden,* 281 P. 2d 233 (1955), where the Supreme Court of Oregon held the portion of an Oregon statute authorizing the punishment of life imprisonment for the offense of assault with intent to commit rape was null and void as violative of the constitutional provision against cruel and unusual punishment. Another Oregon statute provided for a maximum sentence of not more than twenty years for either statutory or forcible rape. It was held that the penalty

of life imprisonment for the assault was so disproportionate as to shock the moral sense of all reasonable men as to what is right and proper when the greater crime of rape was punishable by a sentence of not more than twenty years. North Carolina statutes are quite different. Rape is punishable by death or life imprisonment. Assault with intent to commit rape is punishable by imprisonment for a term of not less than one nor more than fifteen years.

While we approve the diligence of defendant's counsel, the conclusion reached is that the trial conducted by Judge McKinnon is altogether free from prejudicial error. Accordingly, the verdict and judgment will not be disturbed.

No error.