STATE OF NORTH CAROLINA v. FLOYD BROWN, JR.

No. 7416SC214

(Filed 6 March 1974)

Criminal Law § 11— accessory after the fact of armed robbery — indictment charging armed robbery — jurisdiction of court

Where the bill of indictment charges armed robbery, both a waiver and information are necessary, under G.S. 15-140.1, to vest the court with jurisdiction to try the defendant, or to entertain his plea, on a charge of accessory after the fact of armed robbery, because the offense of accessory after the fact is not a lesser included offense of the principal crime; therefore, the court in this case had no jurisdiction where defendant was charged with armed robbery, defendant did not waive the finding of a bill of indictment charging accessory after the fact of armed robbery, and the solicitor did not prepare an information setting out the elements of accessory after the fact of armed robbery.

ON writ of *certiorari* to the Superior Court to review proceedings before *Bailey, Judge,* at the 7 August 1973 Session of

Superior Court held in ROBESON County. Argued in the Court of Appeals on 14 February 1974.

Defendant was charged in a bill of indictment with the felony of armed robbery. Defendant, through counsel, tendered a plea of guilty to the felony of accessory after the fact of armed robbery. Upon the plea, defendant was sentenced to a term of not less than eight nor more than ten years. Upon petition of defendant, we issued the writ of certiorari.

*Attorney General Morgan, by Assistant Attorney General Harris, for the State.*

*Joseph C. Ward, Jr., for the defendant.*

BROCK, Chief Judge.

The trial judge, upon competent evidence, adjudicated that defendant freely, voluntarily, and understandingly entered the plea of guilty. However, a court has no authority to accept a plea to a charge until it has properly acquired jurisdiction. A plea of guilty, standing alone, does not waive a jurisdictional defect. *State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770. Article I, Sec. 22, N. C. Constitution provides: "Except in misdemeanor cases initiated in the District Court Division, no person shall be put to answer any criminal charge but by indictment, presentment, or impeachment. But any person, when represented by counsel, may, under such regulations as the General Assembly shall prescribe, waive indictment in noncapital cases." Trial upon a presentment was abolished by G.S. 15-137. Therefore, no person may be put to answer a felony charge in the Superior Court except by indictment in noncapital cases, or, when represented by counsel, by waiver of indictment in noncapital cases under regulations prescribed by the General Assembly. The regulations for waiver of a bill of indictment in a noncapital case are prescribed by G.S. 15-140.1.

Defendant, in the case presently before us, was charged in a bill of indictment with armed robbery. Defendant did not waive the finding of · a bill of indictment charging accessory after the fact of armed robbery nor did the solicitor prepare an information setting out the elements of accessory after the fact of armed robbery. Where the bill of indictment charges armed robbery, both a waiver and information are necessary, under G.S. 15-140.1, to vest the court with jurisdiction to try the

defendant, or to entertain his plea, on a charge of accessory after the fact of armed robbery, because the offense of accessory after the fact is not a lesser included offense of the principal crime. *State v. McIntosh,* 260 N. C. 749, 133 S.E. 2d 652.

Because the trial court did not have jurisdiction, the judgment must be arrested. The effect of arresting judgment in this case is to vacate the plea of guilty and the judgment. The State, if it so desires, may proceed against the defendant upon the charge of armed robbery as contained in the present bill of indictment. Or, if it so desires, the State may proceed against defendant upon a sufficient bill of indictment, or information (with waiver of indictment), charging the offense of accessory after the fact of armed robbery.

Judgment arrested.

Judges MORRIS and CARSON concur.