STATE OF NORTH CAROLINA v. BOBBY PORTER NEVILLE

No. 9115SC828

(Filed 15 December 1992)

1. **Forgery § 18 (NCI4th); Indictment, Information, and Criminal Pleadings § 3 (NCI4th) — forgery indictment — guilty plea to uttering — information not signed by defendant and attorney — no waiver of indictment — plea improperly accepted**

   Where defendant was indicted for forgery, defendant pled guilty to uttering a forged instrument pursuant to a plea agreement and a bill of information signed by the prosecutor, and neither defendant nor his attorney signed the waiver of a bill of indictment attached to the bill of information, the trial court was without jurisdiction to accept the guilty plea to uttering and to enter judgment thereon because defendant never formally waived his right to a bill of indictment, and the indictment for forgery does not support a plea to uttering. N.C. Const. art. I, § 12; N.C.G.S. § 15A-642(c).

   **Am Jur 2d, Indictments and Informations § 3.**

2. **Criminal Law § 1244 (NCI4th) — mitigating factor — extenuating relationship — inapplicability — insufficiency of evidence**

   The trial court did not err in failing to find as a mitigating factor for felonious assault that the relationship between defendant and the victim was an extenuating circumstance under N.C.G.S. § 15A-1340.4(a)(2)i where defendant contended that his actions were due to distress over the breakup of his relationship with the victim. Even if this mitigating factor applied to such a case, defendant failed to present credible, uncontradicted evidence to this effect.

   **Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgments entered 14 March 1991 by Judge F. Gordon Battle in Chatham County Superior Court. Heard in the Court of Appeals 16 October 1992.

Defendant and Joyce Penny were involved in a relationship for approximately three and one-half years, during which time they lived together. The relationship began to deteriorate, however, and Ms. Penny swore out warrants for defendant's arrest on several

STATE v. NEVILLE

[108 N.C. App. 330 (1992)]

occasions. There was also evidence that defendant had been ordered to stay away from Ms. Penny.

On 14 September 1990 defendant encountered Ms. Penny at a convenience store. As she drove away, he followed her in his car and tried to talk to her. Ms. Penny continued to drive and did not respond to defendant. Defendant then drove ahead of her and pulled his car across the road. When Ms. Penny did not stop but drove around defendant's car, defendant fired a shotgun into the back window of her car. Ms. Penny suffered injuries to her head, neck and shoulders from shattered glass and shotgun pellets. Defendant drove off after the shooting but surrendered to authorities two days later.

Pursuant to a plea agreement, defendant pled guilty to assault with a deadly weapon with intent to kill inflicting serious injury and also to uttering a forged instrument. In exchange, the State dismissed the charges of discharging a firearm into an occupied vehicle and forgery.

The sentencing court found in aggravation that the defendant had prior convictions for criminal offenses punishable by more than sixty days confinement. In mitigation, the court found that defendant had voluntarily acknowledged wrongdoing prior to arrest and that he had been honorably discharged from the armed services. The court found that the aggravating factor outweighed the mitigating factors, and sentenced defendant to fifteen years imprisonment for the assault and two years imprisonment for the uttering count.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Philip A. Lehman, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, for defendant appellant.*

WALKER, Judge.

[1] On appeal defendant argues: (1) his guilty plea to uttering is a nullity because he never formally waived his right to a Bill of Indictment, and he was never indicted for uttering; and (2) the sentencing court erred in failing to find as a mitigating factor that the relationship between defendant and victim was an extenuating circumstance.

## I.

Defendant pled guilty to uttering a forged instrument pursuant to a plea agreement and a Bill of Information which was signed by the prosecutor. Neither defendant nor his attorney signed the waiver of a Bill of Indictment attached to the Bill of Information, and the indictment issued against defendant alleged forgery. Defendant argues, therefore, that the court was without jurisdiction to accept the guilty plea and to enter judgment because he never formally waived his right to an indictment, and an indictment for forgery does not support a plea to uttering. We agree.

Article I, section 12, of the North Carolina Constitution requires an indictment, unless waived, for all criminal actions originating in Superior Court. *See State v. Stokes*, 274 N.C. 409, 163 S.E.2d 770 (1968). N.C.G.S. § 15A-642(c) provides:

Waiver of indictment must be in writing and signed by the defendant and his attorney. The waiver must be attached to or executed upon the bill of information.

In the instant case, we cannot conclude that defendant waived his right to an indictment because the waiver form was not signed by either defendant or his counsel pursuant to the statutory mandate. Although defendant was indicted for forgery, forgery is an offense distinct from that of uttering, such that an indictment for one will not support a plea of guilty to the other. *See State v. Greenlee*, 272 N.C. 651, 159 S.E.2d 22 (1968). Thus, defendant was not indicted for uttering and did not formally waive his right to an indictment of this offense.

North Carolina law has long provided that "[t]here can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court aquires no jurisdiction whatever, and if it assumes jurisdiction a trial and conviction are a nullity." *McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966). *See also State v. Stokes, supra.* In *McClure*, our Supreme Court vacated an order sentencing defendant to imprisonment where he was indicted with unlawfully, wilfully and feloniously carnally knowing a female child over twelve and under sixteen years of age, but entered a plea of guilty to an assault with intent to commit rape. The Court held that "there was no formal and sufficient accusation against him for the offense to which he pleaded guilty" so that the sentence of imprisonment

violated defendant's constitutional rights. *Id.* at 215, 148 S.E.2d at 18. "[A] plea of guilty standing alone does not waive a jurisdictional defect." *State v. Stokes,* 274 N.C. at 412, 163 S.E.2d at 772.

In the case before us, the absence of a sufficient accusation or a formal waiver of indictment deprived the trial court of jurisdiction to accept defendant's plea and to enter judgment. Thus, defendant's plea and the court's judgment with regard to the charge of uttering must be vacated. The trial court is not precluded, however, from proceeding against defendant on a legally sufficient indictment for uttering. *See State v. Stokes, supra.* Additionally, by vacating defendant's guilty plea to uttering, which was entered pursuant to the State's agreement to dismiss the forgery charge, this portion of the agreement is nullified and the indictment alleging forgery survives.

## II.

[2] In defendant's second assignment of error, he alleges that the sentencing court erred in failing to find as a mitigating factor that the relationship between defendant and victim was an extenuating circumstance under N.C.G.S. § 15A-1340.4(a)(2)i, insofar as his actions towards Ms. Penny were a result of misguided love. We disagree.

N.C.G.S. § 15A-1340.4(a)(2)i provides for a statutory mitigating factor where "[t]he defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating." This Court has interpreted the second prong of this factor, which is relevant here, and concluded that, "[t]here is nothing on the face of the statute to indicate that our legislature meant to provide shorter prison terms for defendants motivated by jealousy or rage." *State v. Puckett,* 66 N.C.App. 600, 606, 312 S.E.2d 207, 211 (1984). The statute was meant to apply under "circumstances that morally shift part of the fault for a crime from the criminal to the victim" but not "to make homicides of spouses or relatives . . . less deserving of punishment than those of others." *State v. Martin,* 68 N.C.App. 272, 276, 314 S.E.2d 805, 807 (1984).

In the instant case, defendant does not dispute the facts but contends the severity of his crime is lessened because his actions were due to distress over the breakup of his relationship with the victim. However, in accordance with other decisions of this Court, we decline to extend this mitigating factor to cases such

as the one at bar, and there is no evidence to support a finding that defendant's assault is less culpable. Even if the facts in this case might support the mitigating factor of the existence of an extenuating relationship, defendant has not presented credible, uncontradicted evidence to this effect. We cannot conclude, therefore, that the trial court committed reversible error in failing to find that the relationship between defendant and the victim was an extenuating circumstance and a mitigating factor pursuant to N.C.G.S. § 15A-1340.4(a)(2)i. *See State v. Seagroves*, 78 N.C.App. 49, 336 S.E.2d 684 (1985), *disc. review denied*, 316 N.C. 384, 342 S.E.2d 905 (1986).

VACATED AS TO THE FIRST COUNT. NO ERROR AS TO THE SECOND COUNT.

Judges GREENE and WYNN concur.