HAMPSON, Judge.
 

 *677
 

 I. Factual and Procedural Background
 

 On 7 November 2017, Cornelius Nixon (Defendant) filed a Motion for Appropriate Relief (MAR), seeking relief from criminal convictions. The Record based upon the proceedings on the MAR below tends to show the following relevant facts:
 

 On 26 July 2004, a New Hanover County grand jury indicted Defendant for committing a Crime Against Nature. Subsequently,
 
 *691
 
 and at some point on or before 2 March 2006, a Bill of Information issued which charged Defendant with the offenses of Crime Against Nature, Indecent Liberties with a Child, and Contributing to the Delinquency of a Juvenile.
 
 [1]
 
 The Bill of Information included in the Record before us, although signed by Defendant and his trial counsel, contains no express language waiving indictment and no waiver of indictment is attached to the Bill of Information.
 

 On 2 March 2006, in accordance with a plea arrangement, Defendant pleaded guilty to the charges of Indecent Liberties with a Child and Contributing to the Delinquency of a Minor, and the State agreed to dismiss the charge of Crime Against Nature. The presiding Superior Court Judge entered a consolidated Judgment on two charges, sentencing Defendant to a minimum of 19 months and a maximum of 23 months in the custody of the North Carolina Department of Adult Correction. The Judgment, however, erroneously included the charge of Crime Against Nature rather than the charge of Contributing to the Delinquency of a Minor.
 

 On 7 November 2017, Defendant filed his MAR seeking to have the Judgment against him arrested or vacated and alleging two claims for relief: (1) the trial court lacked subject matter jurisdiction over all the charges because no waiver of indictment was attached to or executed upon the Bill of Information such that Defendant had not validly waived indictment; and (2) the Judgment erroneously included the charge of Crime Against Nature, and should be corrected.
 

 On 4 December 2017, the trial court entered its Order on Defendant's MAR granting Defendant relief in part. The trial court vacated the erroneous Crime Against Nature conviction, but denied Defendant relief on his jurisdictional claim. Specifically, the trial court found Defendant had signed the Bill of Information, although the trial court recognized the document lacked specific language reciting Defendant's waiver of an indictment. The trial court concluded that, "[b]y signing the bill
 
 *678
 
 of information, Defendant accepted it in lieu of an indictment and acknowledged that he had received notice of the charges against him[,]" which "operate[d] as a waiver of Defendant's right to an indictment[.]"
 

 On 27 April 2018, this Court granted Defendant's Petition for Writ of Certiorari for the purpose of reviewing the 4 December 2017 Order.
 
 See
 
 N.C. Gen. Stat. § 15A-1422(c)(3) (2017).
 

 II. Issue
 

 The sole issue is whether the trial court erred in denying Defendant's MAR alleging the trial court lacked subject matter jurisdiction to enter the original Judgment where Defendant was charged by way of a Bill of Information which did not include or attach an express waiver of indictment for the crimes of Indecent Liberties with a Minor and Contributing to the Delinquency of a Minor.
 

 III. Analysis
 

 A. Standard of Review
 

 "When considering rulings on motions for appropriate relief, we review the trial court's order to determine 'whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court.' "
 
 State v. Frogge
 
 ,
 
 359 N.C. 228
 
 , 240,
 
 607 S.E.2d 627
 
 , 634 (2005) (quoting
 
 State v. Stevens
 
 ,
 
 305 N.C. 712
 
 , 720,
 
 291 S.E.2d 585
 
 , 591 (1982) ). "Conclusions of law are reviewed de novo and are subject to full review."
 
 State v. Biber,
 

 365 N.C. 162
 
 , 168,
 
 712 S.E.2d 874
 
 , 878 (2011).
 

 "A defendant who seeks relief by motion for appropriate relief must show the existence of the asserted ground for relief." N.C. Gen. Stat. § 15A-1420(c)(6) (2017). "If an evidentiary hearing is held, the moving party has the burden of proving by a preponderance of the evidence every fact essential to support the motion." N.C. Gen. Stat. § 15A-1420(c)(5). As a result, a defendant seeking an MAR bears the burden of proof before the trial court.
 
 State v. Hyman
 
 , --- N.C. ----, ----,
 
 817 S.E.2d 157
 
 , 172 (2018).
 

 *692
 

 B. Denial of Defendant's MAR
 

 A trial court "acquires jurisdiction of the offense by valid information, warrant, or indictment."
 
 State v. Willis
 
 ,
 
 285 N.C. 195
 
 , 201,
 
 204 S.E.2d 33
 
 , 37 (1974). "There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court acquires no jurisdiction whatever, and if it assumes
 
 *679
 
 jurisdiction a trial and conviction are a nullity."
 
 McClure
 

 v. State
 
 ,
 
 267 N.C. 212
 
 , 215,
 
 148 S.E.2d 15
 
 , 17-18 (1966) (citation and quotation marks omitted). "[A] court has no authority to accept a plea to a charge until it has properly acquired jurisdiction."
 
 State v. Brown
 
 ,
 
 21 N.C. App. 87
 
 , 88,
 
 202 S.E.2d 798
 
 , 798 (1974). "[A] plea of guilty standing alone does not waive a jurisdictional defect."
 
 State v. Stokes
 
 ,
 
 274 N.C. 409
 
 , 412,
 
 163 S.E.2d 770
 
 , 772 (1968).
 

 Under the North Carolina Constitution:
 

 Except in misdemeanor cases initiated in the District Court Division, no person shall be put to answer any criminal charge but by indictment, presentment, or impeachment. But any person, when represented by counsel, may, under such regulations as the General Assembly shall prescribe, waive indictment in noncapital cases.
 

 N.C. Const. Art. I, Sec. 22. In felony cases initiated in Superior Court, the General Assembly has prescribed the pleading must be a bill of indictment, "unless there is a waiver of the bill of indictment as provided in G.S. 15A-642." N.C. Gen. Stat. § 15A-923(a), (c) (2017). N.C. Gen. Stat. § 15A-642 allows for the waiver of an indictment in non-capital cases in Superior Court where a defendant is represented by counsel. N.C. Gen. Stat. § 15A-642(b) (2017). The statute further requires: "Waiver of Indictment must be in writing and signed by the defendant and his attorney. The waiver must be attached to or executed upon the bill of information." N.C. Gen. Stat. § 15A-642(c).
 

 In this case, it is undisputed Defendant, along with his trial counsel, signed a Bill of Information informing him of the charges against him and the relevant factual details thereof. The form used for the Bill of Information itself contains absolutely no language waiving indictment and no waiver appears to be attached or included in the Record before us. This Court has previously held "the absence of a sufficient accusation or a formal waiver of indictment deprived the trial court of jurisdiction to accept defendant's plea and to enter judgment."
 
 State v. Neville
 
 ,
 
 108 N.C. App. 330
 
 , 333,
 
 423 S.E.2d 496
 
 , 497 (1992).
 

 The State contends we should not deem the specific statutory requirements of section 15A-642 to be jurisdictional. The State further contends Defendant has offered no evidence Defendant did not, in fact, waive indictment even if it is not evidenced in writing and, thus, cannot meet his burden to show grounds for relief on his MAR.
 
 [2]
 
 However,
 
 *680
 
 in light of
 
 Neville
 
 , these statutory requirements intended to carry out the constitutional mandate of Article I, Section 22 are jurisdictional and mandatory.
 
 See, e.g.
 
 ,
 
 State v. Wolfe
 
 ,
 
 158 N.C. App. 539
 
 , 540-41,
 
 581 S.E.2d 117
 
 , 118 (2003) ("Both our State Constitution and Criminal Procedure Act require indictment or waiver thereof in order for a superior court to have jurisdiction in a criminal case");
 
 State v. Daniel
 
 ,
 
 19 N.C. App. 313
 
 , 314,
 
 198 S.E.2d 464
 
 , 464 (1973) (under a predecessor statute: "In non-capital felony cases a defendant may waive a bill of indictment only
 
 when represented by counsel
 
 and when both defendant
 
 and his counsel
 
 sign a written waiver of indictment" (emphasis in original) ).
 

 The absence, in this case, of a formal waiver signed by both Defendant and his counsel on or attached to the Bill of Information meeting the statutory requirements of N.C. Gen. Stat. § 15A-642(c) deprived the trial court of jurisdiction to accept Defendant's guilty plea and enter the original Judgment.
 

 Moreover, the initial indictment for the charge of Crime Against Nature-a charge which was ultimately dismissed pursuant to the plea arrangement-does not vest the trial court with jurisdiction over the subsequent charges of Indecent Liberties and Contributing to the Delinquency of a Minor. While it is true an indictment for one offense may permit a defendant to be lawfully
 
 *693
 
 convicted of lesser included offenses, neither Indecent Liberties nor Contributing to the Delinquency of a Minor is a lesser included offense of Crime Against Nature.
 
 See
 

 State v. Copeland
 
 ,
 
 11 N.C. App. 516
 
 , 520,
 
 181 S.E.2d 722
 
 , 724 (1971) (Indecent Liberties is not a lesser included offense of Crime Against Nature);
 
 State v. Cronan
 
 ,
 
 100 N.C. App. 641
 
 , 646,
 
 397 S.E.2d 762
 
 , 765 (1990) ("the act of sexual intercourse is not inherent to the crime of contributing to the delinquency of a minor"). We hold Defendant has met his burden to show the existence of the asserted grounds for relief in his MAR.
 
 See
 

 Hyman
 
 , --- N.C. at ----,
 
 817 S.E.2d at 172
 
 .
 

 IV. Conclusion
 

 Accordingly, we reverse the portion of the trial court's 4 December 2017 Order denying Defendant's MAR. We remand this matter to the trial court, with instructions to grant the MAR, and to vacate the 2 March 2006 Judgment against Defendant.
 

 REVERSED AND REMANDED.
 

 Chief Judge McGEE and Judge HUNTER concur.
 

 [1]
 

 The Bill of Information before us in the Record contains no date.
 

 [2]
 

 The State offered no evidence of a waiver in fact to rebut Defendant's claims.