MURPHY, Judge.
 

 *100
 
 Defendant, Stephen Trey Futrelle, filed a
 
 Motion for Appropriate Relief
 
 ("MAR") in Superior Court, alleging the trial court lacked subject matter jurisdiction to enter judgment based upon his plea of guilty to felony possession of a Schedule I controlled substance and misdemeanor possession of more than one-half ounce, but less than one and one-half ounces, of marijuana. Defendant argues the bill of information charging him with these two offenses was invalid because the waiver of indictment contained therein was not signed by his attorney as required by N.C.G.S. § 15A-642(c). We agree and vacate the trial court's order denying Defendant's MAR.
 

 BACKGROUND
 

 Defendant was arrested on 23 August 2014 in Orange County for felony possession of MDMA, a Schedule I controlled substance, and misdemeanor possession of more than one-half ounce, but less than one and one-half ounces, of marijuana. On 7 January 2015, Defendant was charged with these two offenses by bill of information. The bill of information contained a waiver of indictment, which was signed by the prosecutor for the State and Defendant. Defendant's attorney did not sign the waiver of indictment included in the bill of information.
 

 Defendant later pled guilty to the two offenses charged, and the trial court accepted Defendant's plea. The trial court entered a conditional discharge on 7 January 2015 and placed Defendant on supervised probation for 12 months. The conditions of Defendant's probation were twice modified, in May and October 2015. On 31 March 2017, judgment was entered on the two offenses, and the trial court imposed a suspended sentence, placing Defendant on supervised probation for 12 months. Defendant completed probation on 31 March 2018.
 

 On 13 April 2018, Defendant filed an MAR claiming the Superior Court lacked jurisdiction to enter judgment on the two offenses because the bill of information was invalid due to the absence of his counsel's signature. The trial court denied Defendant's MAR, making the following conclusions of law:
 

 1. The purpose of NCGS 15A-642 is to ensure that defendants not indicted by the grand jury only appear by bill of information and waiver of the grand jury indictment with the advice and consent of counsel.
 

 2. Defendant signed the bill of information and though counsel did not, it is clear that the case proceeded with the advice and consent of counsel, as the Transcript of Plea and Conditional Discharge were all executed on the same day (January 7, 2015).
 

 3. These documents, when read together, clearly indicate that the information was executed knowingly and voluntarily.
 

 4. The statutory requirements have been substantially met.
 

 We allowed Defendant's petition for writ of certiorari for the purpose of reviewing the trial court's order denying Defendant's MAR.
 

 ANALYSIS
 

 Defendant argues the trial court erred in concluding that the requirements set by N.C.G.S. § 15A-642 for a valid waiver of indictment were satisfied in this case. He contends that without a valid waiver of indictment, the Superior Court lacked jurisdiction to enter judgment on the two offenses. We agree.
 

 Under N.C.G.S. § 15A-1415, a "defendant may assert by a motion for appropriate relief" that "[t]he trial court lacked jurisdiction over the person of the defendant or over the subject matter." N.C.G.S. § 15A-1415(b) (2017). "When considering rulings on motions for appropriate relief, we review the trial court's order to determine whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court."
 
 State v. Frogge
 
 ,
 
 359 N.C. 228
 
 , 240,
 
 607 S.E.2d 627
 
 , 634 (2005) (citation and internal quotation marks omitted).
 

 The North Carolina Constitution provides that "[e]xcept in misdemeanor cases initiated in the District Court Division, no person shall be put to answer any criminal charge but by
 
 *101
 
 indictment, presentment, or impeachment. But any person, when represented by counsel, may, under such regulations as the General Assembly shall prescribe, waive indictment in noncapital cases." N.C. Const. art. I, § 22. Thus, "[t]he pleading in felony cases and misdemeanor cases initiated in the [S]uperior [C]ourt division must be a bill of indictment, unless there is a waiver of the bill of indictment as provided in G.S. § 15A-642. If there is a waiver, the pleading must be an information." N.C.G.S. § 15A-923(a) (2017).
 

 N.C.G.S. § 15A-642 proscribes when an indictment may be waived and the requirements for a valid waiver. The "[i]ndictment may not be waived in a capital case or in a case in which the defendant is not represented by counsel." N.C.G.S. § 15A-642(b) (2017). Additionally, the waiver "must be in writing and signed by the defendant and his attorney. The waiver must be attached to or executed upon the bill of information." N.C.G.S. § 15A-642(c) (2017). Therefore, in a non-capital case in which a defendant is represented by counsel, a waiver of indictment is not valid unless it is (1) in writing, (2) signed by the defendant, (3) signed by his or her attorney, and (4) attached to or executed upon the bill of information.
 

 The statutory requirements of N.C.G.S. § 15A-642 are "intended to carry out the constitutional mandate of Article I, Section 22" and are "jurisdictional and mandatory."
 
 State v. Nixon
 
 , --- N.C. App. ----, ----,
 
 823 S.E.2d 689
 
 , 692 (2019). In
 
 Nixon
 
 , the bill of indictment "contain[ed] absolutely no language waiving indictment and no waiver appear[ed] to be attached or included in the Record ...."
 

 Id.
 

 In
 
 State v. Neville
 
 ,
 
 108 N.C. App. 330
 
 ,
 
 423 S.E.2d 496
 
 (1992), neither the "defendant nor his attorney signed the waiver of a Bill of Indictment attached to the Bill of Information ...."
 
 Id.
 
 at 332,
 
 423 S.E.2d at 497
 
 . In both cases, we held that the absence of a valid waiver under N.C.G.S. § 15A-642 deprived the trial court of jurisdiction to accept the defendants' guilty pleas and to enter judgment.
 
 Id.
 
 at 333,
 
 423 S.E.2d at
 
 497 ;
 
 Nixon
 
 , --- N.C. App. at ----,
 
 823 S.E.2d at 692
 
 .
 

 Here, the bill of information contained a waiver of indictment that was in writing and signed by Defendant; however, the waiver of indictment was not signed by Defendant's attorney. The absence of Defendant's attorney's signature on the waiver of indictment attached to the bill of information violates the requirements of N.C.G.S. § 15A-642. The trial court concluded that, despite the absence of Defendant's attorney's signature on the waiver of indictment, "the statutory requirements have been substantially met." This conclusion ignores the plain language of the statute, which clearly and unambiguously states the "[w]aiver of indictment
 
 must
 
 be ... signed by the defendant
 
 and his attorney
 
 ." N.C.G.S. § 15A-642(c) (2017) (emphasis added). The statute makes no exception for its requirement of a signature by a defendant's attorney, nor does the statute contain language that this requirement can be "substantially met." Rather, this requirement, and all others in N.C.G.S. § 15A-642(c), are "mandatory."
 
 Nixon
 
 , --- N.C. App. at ----,
 
 823 S.E.2d at 692
 
 . The waiver of indictment was thus rendered invalid without Defendant's attorney's signature, depriving the trial court of jurisdiction to accept Defendant's guilty plea and enter judgment. The trial court erred in denying Defendant's MAR.
 

 CONCLUSION
 

 The absence of Defendant's attorney's signature on the waiver of indictment attached to the bill of information rendered the waiver invalid, thus depriving the Superior Court of jurisdiction. Accordingly, we reverse the trial court's order denying Defendant's MAR on this ground and remand with instructions to grant the MAR and vacate the judgment. We need not reach, and accordingly dismiss, Defendant's motion to arrest judgment made in the alternative.
 

 REVERSED AND REMANDED; DISMISSED.
 

 Judges DIETZ and COLLINS concur.