IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-348

Filed 3 September 2024

Durham County, No. 17CRS50573

STATE OF NORTH CAROLINA

v.

CORIANTE LAQUELLE PIERCE

Appeal by defendant from judgment entered 30 June 2021 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 14 August 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Christine Wright, for the State.*

*Appellate Defender's Office, by Glenn Gerding, and Assistant Appellate Defender Michele A. Goldman, for the defendant-appellant.*

TYSON, Judge.

## I. Background

Coriante Laquelle Pierce ("Defendant") was indicted by a grand jury for felony statutory rape of a 13/14/15-year-old minor, first-degree kidnapping, and indecent liberties with a child on 6 February 2017. From first appearance to trial date, Defendant was provided with five court-appointed attorneys to either represent him or to serve as standby counsel. Defendant knowingly and voluntarily exercised his Sixth Amendment right to proceed *pro se*. U.S. Const. amend. VI; N.C. Const. art I,

§§ 19, 23. The court appointed Defendant's former appointed counsel as standby counsel. On 29 June 2021 in open court, Defendant and the assistant district attorney both signed a bill of information charging him with the three previously indicted crimes and two additional charges for crimes against nature and sexual battery.

The court had appointed Defendant four separate attorneys over the course of the litigation to represent him: Idrissa Smith, Ralph K. Fraiser, Jr., Matt Suczynski, and Sean Ravi Ramkaransingh. Attorney Ramkaransingh was appointed by the trial court as standby counsel after Defendant chose to represent himself. A fifth attorney, Daniel A. Meier, replaced Attorney Ramkaransingh as standby counsel on 30 July 2020. Defendant insisted on proceeding *pro se* on numerous occasions.

Defendant knowingly signed a Waiver of Indictment, agreeing for the case to be tried on the information, including the two charges for crimes against nature and sexual battery not included in the original charges and indictments. His standby counsel did not sign the attorney line on the Waiver of Indictment.

Defendant and the State entered into a plea agreement, wherein Defendant agreed to plead guilty only to the charges of crime against nature and sexual battery. The three original indicted charges were dismissed. Defendant was sentenced on 30 June 2021 to 8-19 months' imprisonment for crime against nature, 150 days for sexual battery, and was ordered to register as a sex offender.

Defendant purportedly signed and served a copy of his Notice of Appeal on 6 July 2021. The notice of appeal, however, was not filed stamped until 15 July 2021,

which exceeds the fourteen-day period permitted under N.C. R. App. P. 4(a)(2). Defendant seeks review through a petition for writ of *certiorari* ("PWC") and argues the trial court lacked subject matter jurisdiction.

## II. Jurisdiction

Defendant acknowledges the inadequacy of his notice of appeal and petitions this Court to issue a writ of *certiorari* to invoke jurisdiction and authorize appellate review of his plea agreement.

"[A] writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1).

A defective notice of appeal "should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." *Phelps Staffing, LLC v. S.C. Phelps, Inc.*, 217 N.C. App. 403, 410, 720 S.E.2d 785, 791 (2011) (citation and quotation marks omitted).

Here, the State has not advanced any allegations tending to show it has been delayed, misled, or prejudiced by Defendant's defective notice of appeal. Defendant's intent to appeal can be "fairly inferred" from his Notice of Appeal dated 6 July 2021, despite the 15 July 2021 file stamp. *Id.*

Defendant has lost his appeal of the judgment through "failure to take timely

action[.]" N.C. R. App. P. 21(a)(1). The State has not shown prejudice by the defective notice. We allow Defendant's PWC, in the exercise of our discretion, and address whether the trial court possessed jurisdiction to enter judgment on Defendant's plea agreement.

### III.    Issue

Defendant argues the trial court lacked jurisdiction to enter judgments based upon Defendant's *pro se* guilty pleas to charges contained in a Bill of Information. He asserts his Waiver of Indictment was invalid, as he was not represented by counsel.

### A.  Standard of Review

This Court reviews subject matter jurisdiction *de novo*. Under *de novo* review, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (citation and quotation marks omitted).

### B. Analysis

Defendant argues the trial court lacked jurisdiction because he was not represented by counsel when he waived grand jury indictment in violation of N.C. Gen. Stat. § 15A-642(b) and (c) (2023).

### 1.  **Sixth Amendment Right to Counsel**

Both the Constitution of the United States and the North Carolina Constitution recognize a criminal defendant's right to assistance of counsel. U.S. Const. amend. VI; N.C. Const. art I, §§ 19, 23. *See also Powell v. Alabama*, 287 U.S.

45, 66, 77 L.Ed. 158, 169 (1932); *State v. McFadden*, 292 N.C. 609, 611, 234 S.E.2d 742, 744 (1977) (citations omitted); *State v. Montgomery*, 138 N.C. App. 521, 524, 530 S.E.2d 66, 68 (2000).

Criminal defendants also have the absolute right to waive counsel, represent themselves, negotiate plea agreements, and handle their case without the assistance of counsel. *State v. Mems*, 281 N.C. 658, 670-71, 190 S.E.2d 164, 172-73 (1972). "A defendant has only two choices—to appear *in propria persona* or, in the alternative, by counsel. There is no right to appear both *in propria persona* and by counsel." *State v. Thomas*, 331 N.C. 671, 677, 417 S.E.2d 473, 477 (1992) (citations and quotation marks omitted).

### 2. *Pro Se* Waiver of Indictment

#### a. *State v. Nixon*

Defendant repeatedly cites *State v. Nixon,* wherein this Court vacated a criminal judgment because the defendant's Waiver of Indictment was not valid. *State v. Nixon,* 263 N.C. App. 676, 680, 823 S.E.2d 689, 693 (2019). The defendant in *Nixon* was represented by counsel, who had also signed the waiver. *Id.* at 679, 823 S.E.2d at 692. The waiver reviewed in *Nixon* was held to be invalid because no clear language waived the indictment in the signed Bill of Information, not because defendant was proceeding *pro se. Id.*

Here, the Bill of Information and Waiver of Indictment signed by Defendant was clear and unambiguous. Defendant knowingly and intentionally proceeded *pro*

*se*, and the trial judge had explained the consequences and process in detail to Defendant. *Nixon* does not support Defendant's assertions. *Id.*

### b. State v. Brown

Defendant also cites *State v. Brown*, wherein a defendant had waived an indictment for a charge of armed robbery, but not to the charge of accessory after the fact of armed robbery. *State v. Brown*, 21 N.C. App. 87, 88, 202 S.E.2d 798, 799 (1974). This Court vacated the judgment because the second indictment had not been waived. *Id.* at 89, 202 S.E.2d at 799. Here, Defendant signed a Waiver of Indictment for all charges. *Brown* is not controlling. *Id.*

### c. State v. Futrelle

Defendant also cites *State v. Futrelle*, wherein this Court found the bill of information charging defendant with two offenses was invalid because the Waiver of Indictment was not signed by his attorney, as required per N.C. Gen. Stat. § 15A-642(c). *State v. Futrelle*, 266 N.C. App. 207, 208, 831 S.E.2d 99, 100 (2019). Defendant's case is distinguishable from the facts in *Futrelle*, because Defendant had chosen not to be represented by an attorney and had intentionally chosen to exercise his rights to proceed *pro se*. *Id.* at 209-10, 831 S.E.2d at 100-01; *Thomas*, 331 N.C. at 677, 417 S.E.2d at 477 ("There is no right to appear both *in propria persona* and by counsel.").

Though Defendant cites case law wherein a Waiver of Indictment was invalidated as defective or ineffective, his case is distinguishable because he had

previously waived multiple appointed counsels and had elected to proceed *pro se*. Defendant knowingly chose to represent himself, instead of accepting representation from any of his four court-appointed attorneys.

Defendant had two conversations with the trial judge, which lasted "close to half an hour," about the consequences of waiving his right to counsel and the associated responsibilities. Even though Defendant elected to proceed *pro se*, the trial court also appointed standby counsel for Defendant.

### d. N.C. Gen. Stat. § 15A-642(b)-(c)

Because no precedent holds a Waiver of Indictment was invalidated when a defendant insisted on proceeding *pro se*, as is his absolute Sixth Amendment right to do. *Mems*, 281 N.C. at 670-71, 190 S.E.2d at 172. This Court reviews N.C. Gen. Stat. § 15A-642, to determine its applicability.

Defendant repeatedly insisted on discharging appointed counsel, was warned by the trial court of the consequences of representing himself and proceeding *pro se*, and was appointed standby counsel. Although the plain language of N.C. Gen. Stat. § 15A-642(b) and (c) protects those unrepresented, Defendant had knowingly and voluntarily waived and refused the assistance of appointed counsel. U.S. Const. amend. VI; N.C. Const. art I, §§ 19, 23; N.C. Gen. Stat. § 15A-642(b)-(c).

Defendant's continued purported conflicts with multiple court-appointed attorneys continuously delayed the trial. The assistant district attorney argued Defendant "ha[d] routinely used the court-appointed counsel system to his benefit to

attempt[ ] to delay this trial for years now." Defendant knowingly and voluntarily exercised his Sixth Amendment and State Constitutional rights to proceed *pro se*. U.S. Const. amend. VI.; N.C. Const. art I, §§ 19, 23.

Defendant is not entitled to either a free attorney or an attorney of his choice. Our statutes clearly provide a court-appointed attorney is not free. *See* N.C. Gen. Stat. §§ 7A-455.1 and 458 (2023). In *State v. Moore*, this Court explained:

> Our Supreme Court has long held "the right to be defended by chosen counsel is not absolute." *McFadden*, 292 N.C. at 612, 234 S.E.2d at 745 (citation omitted). "[A]n indigent defendant does not have the right to have counsel of his choice to represent him." *State v. Anderson*, 350 N.C. 152, 167, 513 S.E.2d 296, 305 (1999) (citing *State v. Thacker*, 301 N.C. 348, 351-52, 271 S.E.2d 252, 255 (1980)).

*State v. Moore*, 290 N.C. App. 610, 634, 893 S.E.2d 231, 247 (2023).

In *Moore*, "[d]efendant waived and forfeited his right to counsel through dilatory tactics and serious and egregious misconduct after being warned multiple times of the consequences of his behavior." *Id*. at 649, 893 S.E.2d at 256.

The trial judge advised Defendant he could fully waive his right to counsel and invoke his Sixth Amendment right. Defendant knowingly chose to invoke and exercise his Sixth Amendment right to accept a beneficial plea bargain in exchange for dismissal of his three indicted charges after a four -year delay. Defendant cannot "have it both ways."

Defendant's continued purported conflicts with court-appointed attorneys and Defendant's knowing and eventual choice to proceed *pro se* delayed the trial for years.

Courts and counsel cannot promote nor condone abuse of, and gamesmanship in, the appointed counsel system to allow defendants to waste scarce judicial resources, cause delays for their cases and other pending cases, increase the costs of the appointed attorney system to the taxpayers, or delay justice for the victims of crime. *Moore,* 290 N.C. App. at 649, 893 S.E.2d at 256.

The trial judge also inexplicably waived imposing counsel costs and fees on Defendant for the five attorneys appointed to either represent him or serve as his standby counsel. *See* N.C. Gen. Stat. § 7A-304 (2023).

Defendant's arguments are without merit. We overrule Defendant's argument that the trial court lacked subject matter jurisdiction to vacate the judgments entered consistent with his plea agreement.

## C. Invited Error

Presuming, without deciding, the trial court committed prejudicial error by allowing Defendant to plead guilty for the two crimes for which he waived indictment, any such error was invited by Defendant. Defendant was represented by four court-appointed attorneys throughout the course of his case, and each time he demanded for the court to withdraw their appointment and to represent himself. The district attorney explained in the 24 May 2021 hearing:

> Every single attorney, he had a conflict with that attorney and it was his request that the attorney withdraw. And attorneys have said to the Court that there was an impasse between them and the client because [Defendant] wanted them to file things that were not of legal basis and would

have been considered frivolous motions.

The trial court engaged in an extensive colloquy with Defendant about the consequences of his decision to proceed *pro se*, and that conversation lasted nearly half an hour. Defendant also had standby counsel appointed and present throughout the remaining hearings and when he pled guilty pursuant to his plea agreement.

Any purported error in the trial court's allowance of Defendant to sign the Waiver of Indictment while proceeding *pro se* is invited error. *See Sain v. Adams Auto Grp., Inc.*, 244 N.C. App. 657, 669 781 S.E.2d 655, 663 (2016) (explaining invited error is defined as "a legal error that is not a cause for complaint because the error occurred through the fault of the party now complaining").

Further, N.C. Gen. Stat § 15A-1443(c) (2023) provides "[a] defendant is not prejudiced by . . . error resulting from his own conduct." Defendant created any purported error of proceeding unrepresented through his own demands when signing the Waiver of Indictment *after* he deliberately chose to proceed *pro se*. Any asserted error committed by the trial court in allowing Defendant to knowingly and voluntarily represent himself was invited error. Defendant's arguments are overruled.

## IV.    Conclusion

Defendant knowingly and voluntarily waived assistance of appointed counsel and chose to exercise his Sixth Amendment absolute right to represent himself after being appointed multiple counsels by the court. Defendant was informed of the risks and consequences of signing this waiver and proceeding *pro se.*

- 10 -

Defendant secured a beneficial plea agreement, which resulted in the dismissal of his three indicted charges. Appointed standby counsel was present at the time he signed the Waiver of Indictment.

Presuming, without deciding, the trial court committed error by allowing Defendant to plead guilty for the two crimes for which he waived indictment pursuant to a plea agreement, any such purported error was invited by Defendant. N.C. Gen. Stat § 15A-1443(c).

The trial court did not lack subject matter jurisdiction to enter judgments based upon Defendant's *pro se* guilty pleas. The judgment entered upon Defendant's knowing and voluntary guilty pleas is affirmed. *It is so ordered.*

AFFIRMED.

Judges STADING and THOMPSON concur.